(115 So. 1)
### RIGGS v. STATE ex rel. JONES, Solicitor.
### (4 Div. 324.)

Supreme Court of Alabama.   Dec. 22, 1927.

1. **Intoxicating liquors** ⬤⟲250—**Rules of evidence in civil actions govern in state's proceedings for condemnation of vehicles used in liquor transportation.**

The rules of evidence in civil actions govern in proceedings in the name of the state for condemnation of vehicles used in the transportation of intoxicating liquors.

2. **Intoxicating liquors** ⬤⟲250—**In proceeding for condemnation of liquor transporting vehicle, no predicate for introduction of car owner's declarations connecting him with illegal act was required; declarations being admissible as against interest.**

In a proceeding for the condemnation of a vehicle in which intoxicating liquors had been transported, no predicate was required for the introduction of the vehicle owner's declarations tending to connect him with the illegal act, since they were admissible against him as declarations against interest and not as confessions in a criminal prosecution.

3. **Intoxicating liquors** ⬤⟲250—**In proceeding for condemnation of vehicle used in liquor transportation, evidence of owner's good character held inadmissible.**

Where, in a proceeding by the state for the condemnation of a vehicle used in the transportation of intoxicating liquors, the owner of the vehicle sought to introduce evidence of his good character, evidence *held* inadmissible.

4. **Intoxicating liquors** ⬤⟲250—**Evidence that automobile owner was participating or acquiescing in transportation of liquor by companion held to warrant condemnation of car.**

In state's proceeding for condemnation of a vehicle used in the transportation of intoxicating liquor, evidence *held* to support the charge that the owner was participating or acquiescing in the transportation.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Petition or bill in equity by the State of Alabama, on the relation of R. H. Jones, Solicitor, to condemn an automobile, in the possession and control of A. L. Riggs, which was seized while being used in the illegal transportation of prohibited liquor. From a decree of condemnation, respondent, Riggs, appeals. Affirmed.

One of the officers (Hall) who seized the car, testified that he found a pint of liquor on the front seat, to the left of the driver, and a half-gallon fruit jar, containing something like half a pint of liquor, located in the tool box under the rear seat. This witness further testified that the car was in front of a café. that Riggs (who had been drinking) was in the café, and that he arrested Riggs. Over respondent's objection that no predicate had been laid, this witness

was permitted to testify that Riggs made a statement to witness to the effect that the car was respondent's, that the liquor found was liquor which "they" had been drinking, and that he had gotten the liquor in Florala.

Further evidence for the state tended to show that one Peavey was in company with Riggs in the café, and that both were drinking and' were arrested by the officers, and that Peavey had been with Riggs all afternoon, and that he had gone to Florala and come back with Riggs.

The respondent's evidence tended to show that he and Peavey had been together; that Riggs made a social call, leaving the car to Peavey, who drove it away, and after some hours returned for Riggs and drove the car, with Riggs, to the café where the arrest and seizure were made; that Peavey procured the liquor and put it in the automobile without the knowledge or consent of Riggs.

Respondent sought to examine a witness as to his own general character and his reputation "as a man that uses or deals in whisky." The state's objection to the proffered evidence was sustained by the court.

After hearing, the trial court entered a decree declaring the automobile contraband, condemning and forfeiting the same to the state, and ordering a sale thereof by the register. Respondent appeals.

Hybart, Hare & Dickey, of Evergreen, for appellant. ·

The statute only authorizes the condemnation and sale of the interest of those who aided or assisted in the illegal transaction, or who had knowledge or notice thereof. Puckett v. State, 204 Ala. 238, 85 So. 452; State v. Hughes, 203 Ala. 90, 82 So. 104. The law should not be so harshly administered as to work a condemnation of property upon the mere suspicion of its owner's connivance in its unlawful use. One Liberty Roadster v. State, 206 Ala. 110, 89 So. 273; Byles v. State, 205 Ala. 286, 87 So. 856.

Charlie C. McCall, Atty. Gen., for appellee.
Brief did not reach the Reporter.

BOULDIN, J.  [1] The rules of evidence in civil actions govern in proceedings· in the name of the state for condemnation of vehicles used in the transportation of prohibited liquors. 33 C. J. p. 687; Dowda v. State, 203 Ala. 441, 83 So. 324; Toole v. State, 170 Ala. 41, 54 So. 195.

[2] No predicate was required for the introduction of the declarations of the owner tending to connect him with the illegal act. They are admissible as declarations against interest in civil actions, not as confessions in criminal prosecutions.

[3] Evidence of good character of the owner and claimant in the proceeding, either

---

generally or as regards handling and dealing in liquors, was properly rejected. Drummond v. Drummond, 212 Ala. 242, 102 So. 112, 114; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 So. 82; 22 C. J. p. 473, § 564.

[4] That liquors were being transported in the car, and that the owner was in the car at the time is not denied. The evidence fully supports the charge that the owner was participating, or was acquiescing in such transportation by his friend and traveling companion.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.