**2**

William Stell, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and W. H. Key, Jr., Sol., of Russellville, for the State.

165 So. 259

### ALLBRIGHT v. STATE.
#### 8 Div. 257.

Court of Appeals of Alabama.
Nov. 19, 1935.

Rehearing Denied Dec. 17, 1935.

SAMFORD, Judge.

■ The evidence clearly shows that defendant was running a filling station and lunch stand on the side of the highway in Franklin county and that he kept for sale as a part of his stock in trade beer in 12-ounce bottles. The beer was sold as beer and it was examined and tested by the officers, who testified that it was beer. There was also introduced in evidence some of the bottles on which was printed: "Cooks;" "Perfection of the purest, strictly high grade product. Cooks Gold Bloom, F. W. Cook Company, Evansville, Ind." Another label read: "Specific contents 12 fluid ounces, District No. 7-U-746. F. W. Cook, Evansville, Ind. Does not contain more than six per cent alcohol by volume. Cooks Gold Bloom." Another bottle was labeled: "Lager Beer, Braumeister; Braumeister, trade mark, Registered U. S. Patent Office, Braumeister Beer, copyright 1933. Independent Milwaukee Beer. 7-U-313. No. 9. Highest alcohol. Contents 12 fluid ounces. Braumeister genuine lager beer. Milwaukee's choice. Tax paid under authority provisions by international label law. Full old time strength. This beer brewed and bottled by Independent Milwaukee Beer, Milwaukee, Wis. U. S. A." It was shown that all the bottles consisting of nine cases were branded or labeled under one or the other labels. These bottles of beer, being in possession of defendant and offered by him for sale to the public, were an admission on the part of defendant that the recitals on the labels were true. There having been evidence offered which tended to prove the corpus delicti, the above evidence was admissible as an admission binding on the defendant. Matney v. State, 26 Ala.App. 527, 163 So. 656, Court of Appeals.

■ The correct theory of the matter is, says Sommerville, J. in Kennedy v. State, 182 Ala. 10–17, 62 So. 49, 52, that: "Inscriptions designedly placed on bottles, boxes, or other packages, in the ordinary way, for the obvious purpose of indicating their nature or contents, may in general be regarded as competent evidence thereof, at least against those persons who have such objects in their possession, or who dispense them to others. * * * If a defendant is accused of selling alcoholic liquor contrary to law, it cannot be rationally urged that whisky labels on the bottles of liquor dispensed by him would not be some evidence of the nature of the liquor inside." Such was the evidence in this case as to the possession, sale, and alcoholic content of the beer, and there was no evidence tending to prove that the alcoholic content did not exceed ½ of 1 per cent., so as to give defendant the benefit of Acts 1932, Ex.Sess., p. 56, which law authorizes the manufacture and sale of certain beverages whose alcoholic content does not exceed ½ of 1 per cent.

Charge C–1, refused to defendant, was abstract.

Charge 2 refused to defendant is an argument.

■ Refused charge 3 was covered by the court in his general charge.

If the defendant had complied with the law in procuring a license to sell near beer, the proper way to prove this would have been by the license itself, which is the highest and best evidence. But in this case even the license issued by the probate judge authorizing the sale of cereal beverages under Acts 1932, Ex.Sess., p. 56, would not have been admissible, as there was no evidence in the case tending to prove that the beverages found in defendant's possession came under the statute.

■■ In his general charge to the jury the court charged the jury: "It is not necessary for beer to be intoxicating to be a violation of the law." Section 4615 of the Code of 1923 is still in full force and effect, except as it is modified by Acts of the Legislature 1932, Ex.Sess. p. 56, wherein authority is provided for the sale of certain beverages with a specific content of ½ of 1 per cent. alcohol. The question in a prosecution for selling or possessing

**4**

any of the beverages named in the statute is, not whether such beverages were intoxicating, but did they contain an alcoholic content of more than ½ of 1 per cent. alcohol?

We find no error in the record, and the judgment is affirmed.

Affirmed.