170 So. 494

## FLIPPO v. STATE.

### 8 Div. 355.

Court of Appeals of Alabama.
June 16, 1936.

Rehearing Denied June 30, 1936.

238

William Stell, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The defendant's place of business in Franklin county was raided by the sheriff and his deputies, and in said place of business and in possession of defendant was found some forty-odd bottles of beer. By analysis this beer, or some of it, was found to contain 7.1 per cent. alcohol. There were no labels on the bottles to indicate the character of the contents, as is required by section 2 of an Act of the Legislature. Gen.Acts 1932, Ex.Sess., p. 56.

Section 4615 of the Code of 1923 is still in full force and effect except as it has been modified by section 2 of an act of the Legislature, adopted October 6, 1932. Gen.Acts 1932, Ex.Sess., p. 56, § 2; Allbright v. State, ante, p. 2, 165 So. 259.

Section 2 of the act above referred to reads as follows: "All beverages, liquids, drinks. or refreshments, described in Section 1 of this Act, manufactured for sale or sold in this State shall be only in pint bottles containing 12 fluid ounces of same to the bottle thereof, which bottle shall be hermetically sealed and labeled by the manufacturer with the label plainly showing the name of the product, the name and place of the manufacturer, the ingredients of the contents, including the amount of alcohol, if any, and the bottle shall also bear the license stamp label of the manufacturer, dealer, distributor or retailer as may be prescribed by law. The manufacturer shall also stamp or cause to be stamped or imprinted permanently into the bottle the name of such manufacturer."

The evidence in this case is without conflict that the bottles of beer found in defendant's possession did not comply with the terms of this act, so as to exempt them from the terms of section 4615 of the Code of 1923, or to protect the defendant in their possession.

The contents of the bottles being admittedly beer and a beverage and being in the possession of defendant, it was immaterial whether the beer contained more than one-half of one per cent. alcohol or not, or whether defendant knew the alcoholic content. He did know that the bottles contained beer, that it was a beverage, and he did know that it was not labeled and marked as required by law. Under this state of the evidence, it becomes unnecessary for us to pass upon the question as to whether defendant knew that the beer contained alcohol.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.