179. So. 397

## CARROLL v. STATE.

### 7 Div. 315.

Court of Appeals of Alabama.

Feb. 1, 1938.

Rehearing Denied Feb. 22, 1938.

E. W. Harmon, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

It is unlawful to possess spirituous, vinous, or malt liquors in Calhoun county, Ala., Code 1923, § 4621. This is made a crime by statute, and has not been repealed by the recent act of the Legislature establishing the so-called "liquor stores." Gen.Acts 1936–37, Sp. Sess., p. 40. Being a crime, no conviction should be had and no conviction had should be allowed to stand, unless there is evidence introduced on the trial from which the jury can say, beyond a reasonable doubt, that the defendant knowingly possessed the whisky as charged in the complaint or indictment. Fair v. State, 16 Ala.App. 152, 75 So. 828.

In the instant case, two deputy sheriffs making a search of premises known as the "Wagon Wheel" in Calhoun county found in the kitchen in a box, in which there were a lot of soiled clothes, two bottles partially filled with whisky. The premises were not owned by the defendant, and there is no evidence in the case tending to show that the defendant owned the whisky, or that he knew of its presence on the premises, or that he had anything to do with it.

After considering the entire evidence en banc, and without setting it out in detail, we conclude that the State has failed to meet the burden of proof, and for that reason the court erred in refusing to give at the request of the defendant the general affirmative charge. Spelce v. State, 17 Ala.App. 401, 85 So. 835; Ammons v. State, 20 Ala.App. 283, 101 So. 511; Oldacre v. State, 16 Ala.App. 151, 75 So. 827.

There were other rulings of the court admitting testimony relative to the number of "raids" made by the officers on the "Wagon Wheel," at which place the defendant was employed, which were erroneous, but in view of the error above pointed out, it becomes unnecessary for us to pass upon them in detail.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.