178 So. 897

## HAIRE v. STATE.

7 Div. 346.

Court of Appeals of Alabama.

Feb. 8, 1938.

J. A. Johnson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The complaint upon which the defendant was tried was in the usual form, and

charges the defendant with the illegal possession of prohibited liquors.

Demurrer is interposed on the ground that the affidavit does not specify that the alleged violation was committed before or after the time of the enactment of the "Alabama Liquor Control Act."

 This allegation was not necessary. The offense is charged to have been committed in De Kalb county, which is one of the counties in the state retaining the prohibition law under the statute setting up the states' stores for the sale of liquor; Gen.Acts 1936–37, Ex.Sess., p. 40 et seq. Under that act, counties, by a majority vote, may retain the original prohibition law existing in the State, and De Kalb county is one of these. Williams v. State, Ala.App., 179 So. 915.[1]

 No new or novel question is presented by this record relative to the possession of the prohibited liquor. The defendant was found in the possession of five bottles of "home brew" or "beer" containing alcohol. He claims that he only had it for the purpose of destroying it; but there was evidence for the State tending to disprove this claim. The question was for the jury and, therefore, the court properly refused the general affirmative charge.

We have examined the record, as required by statute, and find that there are no errors during the trial prejudicial to the defendant's rights.

The judgment is affirmed.

Affirmed.

