185 So. 770

**WILBANKS v. STATE.**

7 Div. 406.

Court of Appeals of Alabama.

Feb. 21, 1939.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The Trial Judge did not err in refusing to give at the request of the defendant those certain charges seeking an instruction to the jury that "under the present law and the rulings of the Attorney General it is not a violation of the laws of the State of Alabama, to have in possession in a person's home, State stamped liquors or beverages, if the seal is unbroken."

The questions involved in these charges were fully considered and held adversely to the contention of the appellant in Allbright v. State, 27 Ala.App. 2, 165 So. 259, certiorari denied 231 Ala. 372, 165 So. 260. Other cases since that time have consistently followed those decisions. Flippo v. State, 27 Ala.App. 237, 170 So. 494; Haire v. State, ante, p. 91, 178 So. 897; Carroll v. State, ante, p. 108, 179 So. 397.

J. A. Johnson, of Fort Payne, for appellant.

In the instant case, two deputy sheriffs entered a home owned and occupied by this defendant's wife. They found a quantity of beer and whiskey, which they confiscated as being the property of this defendant. The defendant was not on the premises; he laid no claim to the whiskey or the beer; and the testimony in no way connects the defendant with its possession except the bare fact that he is the husband of the woman who owns the property and who resides therein.

Constructive possession of prohibited liquor, alone, is not sufficient to justify a conviction. There must be a guilty scienter shown by the evidence, beyond a reasonable doubt. Perkins v. State, 24 Ala. App. 231, 133 So. 307; Eldridge v. State, 24 Ala.App. 395, 135 So. 646; Scott v. City of Troy, 24 Ala.App. 453, 136 So. 432.

In the instant case the evidence is without conflict that this defendant did not own the premises on which the prohibited liquor was found; nor is there any evidence tending to connect this defendant with its possession. The Court should have given the general affirmative charge as requested by the defendant.

In his closing argument to the jury the Solicitor made use of this statement: "Look this defendant over. There is not a greater bootlegger in this Court House than this defendant." This was a statement of fact not warranted by the evidence. The defendant objected to the statement; the Court overruled the objection, and the defendant duly and legally excepted. The defendant had not testified in the case, his profert was not in evidence; and, therefore, under Constitution of 1901, Section 6, the Solicitor was not authorized to comment upon his appearance. Moreover, there was no evidence that the defendant was a bootlegger, and a statement to this effect, by the Solicitor in his closing argument, was unwarranted and should have been excluded on motion of defendant.

The State does not desire conviction of persons charged with crime unless the jury is convinced beyond a reasonable doubt that defendant is guilty as charged, unaided by impassioned appeals of prosecuting officers, or the ex parte statement of facts not in evidence by the Solicitor whose sole duty is to see that State's cases are properly presented to the court and the jury as made by evidence.

Merrell v. State, 21 Ala.App. 38, 104 So. 881.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.