198 So. 366

### CHRISTIAN v. STATE.

8 Div. 997.

Court of Appeals of Alabama.

Oct. 29, 1940.

John E. McEachin, of Huntsville, for appellant.

498

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The prosecution in this case was begun under a local act of the Legislature, Local Acts of Alabama 1919, p. 17, wherein it is provided that prosecutions of persons charged with misdemeanors in Madison County may be begun by affidavit made before the Clerk of the Circuit Court of Madison County, and that thereupon the jurisdiction of the Circuit Court of Madison County shall attach, and the same shall proceed to trial and judgment under the same rules and procedure as provided by law in misdemeanor causes, etc.

The affidavit charged this appellant (defendant below) with the offense of violating the State prohibition law. It contained numerous alternate averments, and was proper in form and substance. The trial court therefore committed no error in overruling the demurrer interposed by the defendant. Section 4644, Code 1923.

Upon the trial, the State made no effort, nor offered any testimony, to sustain any of the alternate averments in the affidavit, except, "that the defendant did have in possession illegally prohibited liquors."

The evidence in this case was without dispute or conflict. It tended to show that the State's witnesses found in the living quarters (bed room) of the defendant, several pint bottles of whiskey. The State witness testified, as did the defendant, that the whiskey so found, all bore the necessary State stamps. The locus in quo was in Madison County, Alabama, which we judicially know to be a "wet" county, hence the possession of legal whiskey or other legal intoxicating liquors is permissible under the law.

The rule is axiomatic, that the evidence and allegations in the pleadings must correspond, i. e. the allegata and probata must agree; the latter must support the former.

This case was tried in the court below upon the specific charge (1) that the possession by the defendant of the whiskey in question was illegal; (2) that the said whiskey was prohibited liquor.

The proof offered in support of the above charges was insufficient to sustain either of them. As to charge (1) supra, the evidence adduced upon the trial of this case disclosed, without dispute or conflict, that the defendant, just a few days prior to the day the whiskey in question was found in his possession, had duly and legally purchased said whiskey from the State's A. B. C. liquor store in the City of Huntsville, Alabama. There being no semblance of conflict in the evidence as to this, it follows that his possession of said whiskey was in all respects legal, and no taint of illegality could be applied to such possession.

As to the second charge, that the whiskey in defendant's possession was prohibited liquor, the whole evidence in this case refutes such a proposition.

In our recent case of Sally Walls v. State, 198 So. 151,[1] the court said: "There is a difference, however, in a wet county, and liquors purchased from the State stores or licensed dealers, duly labeled and stamped as prescribed by the Alabama Beverage Control Act—even though intoxicating—are not prohibited in such counties."

Other expressions in the Walls case, supra, and the entire opinion of this court in the case of Henry McPherson v. State, 196 So. 739,[2] certiorari denied, 239 Ala. 641, 196 So. 741, are conclusive of every question involved upon this appeal.

The conviction of this appellant under the evidence, was wrong, unjust and erroneous. The defendant was entitled to his discharge and the trial court should have so held.

There was error in the action of the trial court in refusing to defendant the general affirmative charge requested in writing,

---

[1] Ante, p. 466.

[2] Ante, p. 278.

and also in overruling and denying defendant's motion for a new trial.

The judgment of conviction in the lower court from which this appeal was taken is reversed, and the cause remanded to the lower court for further action in line with this opinion.

Reversed and remanded.

