3 So.2d 93

## HARDIN v. STATE.

### 8 Div. 108.

Supreme Court of Alabama.

March 27, 1941.

Rehearing Denied April 17, 1941.

See also Hardin v. State (opinion certified to Court of Appeals) ante, p. 4, 3 So. 2d 89.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the petition.

Brickell & Johnston, of Huntsville, opposed.

PER CURIAM.

In the opinion certified to the Court of Appeals, 3 So.2d 83, in response to the inquiry it was observed:

"The italicized provision [of Section 51 of the Alcoholic Beverage Control Act, Gen. Acts 1936–37, Sp.Sess., p. 83, Code 1940, Tit. 29, § 68] evinces a legislative intent by reference to adopt the provisions of Section 4704 of the Code 1923, prescribing the penalty for unlawful transportation of liquors into the State, and under the doctrine of 'reference and adoption' the provisions of that section of the Code prescribing the penalty will be read into the statute."

Upon more mature consideration we now hold that it was error to limit the

152

penalty to the provisions of § 4704 of the Code, Code 1940, Tit. 29, § 173. Section 4658, Code 1940, Tit. 29, § 133, prescribing the penalty for the unlawful possession of stills, and the Act of 1927, pp. 704, 705, embodied in Michie's Code, 1928, as § 4717 (1), Code 1940, Tit. 29, § 187, relating to transportation in quantities of five gallons or more, may be·applicable to the offenses denounced by said § 51 of the Alcoholic Beverage Control Act. Said section defines, in general, the elements of the several offenses, but said section must be construed in connection with the statute fixing the penalty for a misdemeanor or a felony as the case may be, and those statutes read into the said section 51, as to the constituent elements—the quantity transported—when that is material.

■ Hence, to warrant the imposition of the penalty prescribed by the Act of 1927, the indictment should charge illegal transportation or importation in quantities of five gallons or more. If the indictment or complaint charges illegal transportation or importation without specifying quantity and a conviction follows, the penalty prescribed by § 4704, only, is applicable. See Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am.St.Rep. 79.

■ We are of opinion that the complaint initiating the prosecution is amendable so as to charge illegal transportation or importation without regard to the quantity—a misdemeanor—within the purview of said § 51 of the Alcoholic Beverage Control Act, or a nol pros may be taken, and the case referred to the grand jury. 14 Am.Jur. p. 967, § 296. It further appearing that the judgment of the Court of Appeals discharging the defendant was entered under misapprehension that § 49, and not § 51, governed the case—a misapprehension of law—we are of the opinion that the defendant should not have been discharged, but the cause should have been remanded to the trial court to be there disposed of.

The former opinion of this court is therefore modified, as above indicated, the judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals, to be disposed of as above indicated.

Writ granted.

Reversed and remanded.

All Justices concur, except KNIGHT, J., not sitting.