6 So.2d 437

## LOVETT v. STATE.
### 4 Div. 706.

Court of Appeals of Alabama.
Dec. 16, 1941.

Rehearing Denied Jan. 13, 1942.

L. A. Farmer, of Dothan, for appellant.

336

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The proceeding below was to condemn 200 pints of liquor, allegedly being kept and used for illegal sale in Houston, a wet, County. The liquor was the property of the appellant and was stored at his place of business, a filling station and taxicab stand in Dothan, Alabama. There was also proof of recent sales and deliveries of liquors from this place of business.

The liquor had been purchased from a State store in the county and was duly stamped and labeled, with all taxes paid thereon, as required by law.

The important question for decision is the right and authority, vel non, of the State to seize and confiscate as contraband such liquor, when being stored and used as alleged; viz. for illegal sale.

It was uncontroverted that appellant had no license to sell or otherwise dispose of the liquor. In fact he could not have procured such a license, his business not being a hotel, restaurant, club or such enterprise as is authorized under the statute to sell liquor. Alabama Alcoholic Beverage Control Act, Sections 1, 13, 21, and 23, Title 29, Code 1940.

Any sale of liquor by appellant under such circumstances (without a license) was unauthorized and therefore a violation of the Alabama Alcoholic Beverage Control Act and subjected him to the penal provisions thereof.

To be specific, in so selling such liquor, he was guilty of violating the license regulation promulgated by the Alabama Alcoholic Beverage Control Board under authority of said act, which makes it unlawful for any person, firm, corporation, partnership or association of persons as such terms are defined in said act, who has not been licensed so to do under the appropriate provisions thereof, to sell, offer for sale or have in possession for sale, any liquor or malt or brewed beverages as those terms are therein defined.

The Legislature may empower appointed agencies and bureaus to make such reasonable rules and regulations as are necessary for the administration and enforcement of the provisions of the law they are to administer. Lum West et al. v. State, Ala.App., 6 So.2d 434;[1] Parke et al. v. Bradley, State Treas., 204 Ala. 455, 86 So. 28; Skrmetta v. Alabama Oyster Commission, 232 Ala. 371, 168 So. 168. The Alabama Alcoholic Beverage Control Board was, by the terms of the act, vested with such authority. Act, supra, Gen. Acts, Extra Session 1936–1937, p. 49, Section 7(a), Code 1940, Tit. 29, § 6(a). And all such reasonable rules and regulations of the Alabama Alcoholic Beverage Control Board have the force and effect of

[1] Ante, p. 318.

law. Same Act, supra, p. 73, Sec. 36, Code 1940, Tit. 29, § 52. Likewise, the court will take judicial notice of such rules and regulations promulgated by the Board within the scope of its authority which have the same effect as law. Lum West et al. v. State, supra; 20 Am.Jur., Sec. 44, p. 67; Morris Adler & Co. v. J. E. Jones & Co., 208 Ala. 481, 94 So. 816; Lawrenceburg Roller Mills Co. v. Chas. A. Jones & Co., 204 Ala. 59, 85 So. 719.

No authority exists under the Alabama Alcoholic Beverage Control Act for the confiscation of liquor duly purchased from a State store. The commodity is contraband under the act only when said alcoholic beverages or products do not have, "affixed to the package * * * the stamps, crowns or lids as provided by law", Sec. 49, Title 29, Code 1940; or when "found within this state in the possession of or on the premises of any person, firm, corporation or association of persons not having affixed thereto such mark of identification showing that said alcoholic beverages were sold or distributed by a state liquor store". Section 50, Title 29, Code 1940. In other words, only unstamped or unidentified liquors and beverages are subject to confiscation under the provisions of said act.

So, if the liquor in suit be subject to condemnation by the State, authority therefor must be under some other law.

The instant proceedings were drawn and transacted under the provisions of Article 11, Chapter 167, Code 1923, Section 4740 et seq., Code 1940, Title 29, Article 10, Section 209 et seq. From an order of condemnation, this appeal proceeded.

Section 4740, Code 1923 is: *"Forfeiture and destruction of liquors, receptacles, etc.*—Prohibited liquors and beverages kept, stored or deposited in any place in this state, for the purpose of sale or unlawful disposition or unlawful furnishing or distribution, and the vessels and receptacles in which such liquors are contained are declared to be contraband and are forfeited to the state when seized and may be condemned for destruction as hereinafter provided," etc.

The controlling question is whether the liquors in suit are prohibited liquors within the meaning of Section 4740 et seq.

It is the contention of appellant that these Code sections dealing with the con-fiscation of *prohibited* liquors have no application in a wet county to liquors duly purchased from a State store even though such liquors are being kept and used for an illegal purpose, i. e. for illegal sale or unlawful disposition. But we do not think so.

Unless Section 4740 et seq. (Code 1923) have such application in wet counties the State is without authority to confiscate such liquors when being illegally sold or disposed of therein.

Other legal questions aside, it is not conceivable that by the passage of the Alabama Alcoholic Beverage Control Act, providing (under prescribed conditions) for the legal sale of liquor in wet counties, there was any legislative purpose to sanctify for the bootleggers such commodities when illegally used—sold—by rendering the State legally impotent to confiscate such liquor when being possessed for and used under such circumstances. To thus consecrate in the citadels of the lawless their illegally used products would in no way contribute to good morals, temperance or the public welfare. And it should be remembered that the Legislature by specific verbiage pronounced that the Alabama Alcoholic Beverage Control Act was designed "to promote temperance and suppress the evils of intemperance," (Gen. Acts, Extra Session, 1936–1937, p. 40, Title of Act), and "for the protection of the public welfare, health, peace and morals of the people of the State," (Section 3, p. 43, said Act, Code 1940, Tit. 29, § 2). The primal legislative purpose of the act would obviously be defeated if, by abstruse and strained judicial interpretation, the conclusion could be reached that the State in attempting to strengthen the laws of temperance and good morals had been rendered powerless to confiscate the commodity the subject of such legislation, when used illegally, and which for years on end in this State has been denounced as contraband, when illegally possessed, sold or otherwise disposed of contrary to law.

Such is the rationale of our view, and there is correct legal authority to support it.

Section 4740, above, makes provision for the confiscation of "prohibited liquors". The appellant contends that the liquor, being in a wet county and having been purchased from a State store, cannot be *so*

338

classified, citing, among others, the cases of Christian v. State, 29 Ala.App. 497, 198 So. 366, Walls v. State, 29 Ala.App. 466, 198 So. 151, certiorari denied 240 Ala. 148, 198, So. 153, and Harvey v. State, Ala. App., 3 So.2d 142, 143,[2] wherein it was observed that "liquors purchased from the State stores or licensed dealers, duly labeled and stamped as prescribed by the Alabama Beverage Control Act—even though intoxicating—are not prohibited in such [wet] counties. * * * Such liquor, therefore, was not 'liquors or beverages that are prohibited by law,' but on the contrary was 'legal liquor,' the possession of which was there permissible, in Madison— a 'wet'—County."

This pronouncement when wrenched from its judicial setting might perhaps warrant the construction attempted here by appellant, but not so when each case is considered in its entirety. In these cases the court was, in each instance, dealing with a state of facts wherein the defendant's guilt of crime was sought to be established by the proof, alone, of possession in a wet county of liquor duly purchased from a State store. The holding, of course, in such cases was that the possession alone of State store liquor in a wet county not now (under the Alcoholic Beverage Control Act) being unlawful, it could not, under such circumstances, be construed as a "prohibited liquor" so as to subject the defendant to prosecution without proving (quoting from the Walls case, supra [29 Ala.App. 466, 198 So. 153]) "circumstantially or otherwise, the defendant's guilty connection with the liquor for the illegal purposes charged in the affidavit".

Though there may be a right to legally possess and lawfully use such liquors in a wet county, yet, when kept for unlawful use or used unlawfully, they thereby lose the protection of the law and become subject to confiscation. Or as otherwise expressed: "Moreover, although there may be a right of property in intoxicating liquors and their use is not by law prohibited, yet, when kept and intended for unlawful use, *they fall at once under the ban of the law, and become subject to seizure and confiscation* by such methods as are provided by the law, in conformity with the Constitution." (Italics supplied.)

30 Am.Jur., p. 541, Section 553. See also 3 A.L.R. 1515; Southern Express Co. v. State, 188 Ala. 454, 463, 66 So. 115; Johnson et al. v. State, 18 Ala.App. 503, 93 So. 375.

So, in the instant case, if the liquors were being kept or used as averred, i. e. for illegal sale—and such finding was justified under the evidence—they were, under such circumstances, prohibited liquors as termed in the Code, Section 4740 et seq. (1923), supra, and subject to confiscation thereunder.

We note with interest the opinion of the Attorney General of Alabama to the Alabama Alcoholic Beverage Control Board, under date of July 29, 1937, wherein a like conclusion was reached. Quarterly Rep., Atty. Gen., July to Sept., 1937, Vol. 8, p. 41.

It is, of course, assumed that correct canonical construction admits of no doubt that the Alabama Alcoholic Beverage Control Act modified or repealed the then existing State-wide prohibition laws only to the extent that the provisions of the later (Alcoholic Beverage Control) act became effective in the several counties of the State, thereby leaving an applicable scope of operation for Section 4740 et seq., Code of 1923, where not inconsistent with said later act. The said prohibition laws still pertain except as modified or repealed, either by express stipulation or clear implication. And those sections of the prohibition law not so repealed and which can still have a field of operation in wet counties, consistent with the Alabama Alcoholic Beverage Control Act, are still effective. This of course upon the well-recognized rule that repeal by implication is looked upon with disfavor by the courts (Stone v. State, Ala.App., 2 So.2d 334;[3] Bates v. State ex rel. Conniff, 240 Ala. 609, 200 So. 779), and "if effect can, however, be given, consistent with the legislative intent, to a part of the provisions of the old statute, without violation of the provisions of the new, repeal by implication of the old statute by the new will be held to be only partial—to the extent of the modification of the conflict." Levy, Aronson & White v. Jones, 208 Ala. 104, 106, 93 So. 733, 735.

As applicable to the facts of the instant case, we view Section 4740 et seq., Code 1923, as coming under this category.

[2] Ante, p. 216.

[3] Ante, p. 162.

For authorities confirming the view that certain provisions of both laws have a respective field of applicable operation in all counties see Alabama Beverage Control Act, cited supra; Holt v. State, 238 Ala. 2, 193 So. 89, 90; Newton v. State, Ala.App., 200 So. 431; [4] Id., 241 Ala. 1, 200 So. 428, 134 A.L.R. 420; Hardin v. State, 241 Ala. 4, 3 So.2d 89, extended opinion, 241 Ala. 151, 3 So.2d 93. Analogous reference is available in Allbright v. State, 27 Ala.App. 2, 165 So. 259, certiorari denied 231 Ala. 372, 165 So. 260; Flippo v. State, 27 Ala. App. 237, 170 So. 494, certiorari denied 233 Ala. 170, 170 So. 495.

Competent authority elsewhere gives sanction to such a view. Chadrick v. State, 175 Tenn. 680, 137 S.W.2d 284; State v. Davis, 214 N.C. 787, 1 S.E.2d 104.

■■ It results from these conclusions that if the liquors were, as averred in the affidavit, being kept or used for illegal sale they were contraband and subject to confiscation under the statute, Section 4740 et seq., Code 1923. There can be but little controversy that the State fully met its burden of proof in this regard. The rules of evidence in civil actions govern in proceedings such as this for the forfeiture and destruction of liquors which are being kept or used for illegal sale. Riggs v. State, 217 Ala. 102, 115 So. 1, and authorities there cited.

■ We think the case against the appellant sufficiently sustained under the evidence to warrant the judgment of condemnation.

■ As to the question of whether or not the liquors in suit were being kept or used for illegal sale, it was clearly of the res gestae and competent for the State, by legal evidence, to show that liquors were being or had been recently sold at the appellant's place of business and that appellant, himself, had so sold them. Cheek v. State, 3 Ala.App. 646, 57 So. 108; Borok v. City of Birmingham, 191 Ala. 75, 79, 67 So. 389, Ann.Cas. 1916C, 1061.

Not according with the insistences of error urged by able counsel for appellant, but being impressed that the appellant was accorded a fair and impartial trial, free of prejudicial error, we think the judgment should be affirmed. So ordered.

Affirmed.

[4] Ante, p. 42.