76 So.2d 787

Leonard SHIRLEY

v.

STATE.

6 Div. 896.

Court of Appeals of Alabama.

Dec. 28, 1954.

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Wm. H. Sanders, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was found guilty under an indictment, which, omitting the formal parts, charged that the appellant did:

"Unlawfully manufacture, sell, give away, or have in his possession, a still or apparatus or appliance or some device or substitute therefor, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages without authority of the Alcoholic Control Board of the State of Alabama, and contrary to law, against the peace and dignity of the State of Alabama."

The jury returned a verdict finding the defendant guilty "as charged in the indictment."

Pursuant to such verdict the court entered a judgment finding the appellant "guilty of unlawfully manufacturing, selling, giving away, or having in his possession a still" etc.

The court sentenced the appellant to imprisonment in the penitentiary for one year and six months.

The appeal is here on the record proper, there being no transcription of the evidence included in the record.

As we interpret the brief of appellant's counsel it is his contention that because of the statement in the indictment that appellant's actions in connection with the still were "without authority of the Alcoholic Control Board" that the conviction of this appellant must be deemed to have been under the provisions of Section 68 of Title 29, Code of Alabama 1940, and since this section sets forth no specific penalties, it must, under the provisions of Section 78 of Title 29, be deemed a mis-

demeanor only. Therefore, counsel contends, the sentence imposed was excessive and illegal.

The contentions are without any merit.

Section 68, supra, which appellant's counsel uses as a premise for his argument, concerns itself chiefly with elections to determine the wet or dry status of counties. The concluding paragraph of this section however reads as follows:

"In all counties of the state it shall be unlawful for any person, firm or corporation to have in his or its possession any still or apparatus to be used for the manufacture of any alcoholic beverage of any kind, or any alcoholic beverage of any kind illegally manufactured, or transported, within the state, or imported into the state from any other place without authority of the alcoholic control board of the state, and any person, firm or corporation violating this provision or who transports any illegally manufactured alcoholic beverages, or who manufactures illegally any alcoholic beverages, upon conviction, *shall be punished as provided by law."* (Italics ours.)

It is noted that the very section relied on by the appellant provides that a violation of its terms "shall be punished as provided by law."

■ Section 75 of Title 29, Code of Alabama 1940, provides that nothing contained in Title 29 shall be construed as repealing any of the laws of this State relating to manufacture or possession of illicit distilled liquor, or apparatus for its manufacture.

This evinces a legislative intent to adopt by reference the provisions of Sections 131 and 133, which respectively make it unlawful for any person to have, sell, give away, or manufacture a still to be used for manufacturing illicit liquors, and fixes the punishment for such offense at imprisonment at hard labor in the penitentiary for not less than one nor more than five years.

■ Section 68, supra, defining in general, the elements of several offenses, must be construed in connection with the specific statutes that may pertain to the several general offenses set forth in Section 68, supra, and the penalties provided for violation of the specific statutes is the proper punishment to be imposed. See Hardin v. State, 241 Ala. 151, 3 So.2d 93.

■ The indictment in this case substantially follows the words of the statute, and the form provided by Section 259(76), Title 15, Code of Alabama 1940, and is entirely sufficient. The judgment entered complied with the indictment, and is in every way sufficient.

■ While the allegation that the possession, etc., of the still was without the authority of the Alcoholic Control Board was an unnecessary averment, such allegation in no way affected the validity of the indictment. As to whether the unnecessary averment was proven is of course not before us since this appeal is before us on the record proper.

Affirmed.