BRADLEY, Judge.
This is an appeal by the State of Alabama from a decree of the circuit court which refused to grant an order condemning and ordering the destruction of 50 cases of twelve ounce Miller beer, 50 cases of twelve ounce Schlitz beer, 120 pints of Canadian Mist Whiskey, 240 pints of Evan Williams Whiskey, 24 pints of Seagrams Gin, and 96 pints of Glenmore Vodka.
The alcoholic beverages had previously been seized while in the possession of a minor who was transporting the alcoholic beverages in a van-type vehicle in a wet county. The minor was charged with violation of Code of Alabama 1975, § 28-3-266, which provides that it shall be unlawful for a minor to possess “any alcohol, liquor or malt or brewed beverages within the state of Alabama.” The minor pled guilty to the possession charge and was fined $200 and ordered to pay court costs.
At the condemnation hearing, an interve-nor, Travis Ray Day, claimed ownership of the seized alcoholic beverages. Mr. Day testified that he had borrowed a van belonging to Betty or Robert Wright to transport the alcoholic beverages which he had previously purchased for a wedding party. Mr. Day further testified that when he returned the van to the Wrights, he did not remove the alcoholic beverages from the van and did not inform the Wrights of this fact. Thereafter the Wrights’ son, the aforementioned minor, was charged with possession of the alcoholic beverages.
The State established at the condemnation hearing that the alcoholic beverages sought to be condemned had been seized while in the possession of a minor and that he had pled guilty to the possession charge.
The trial court found that the alcoholic beverages were not contraband and determined that Travis Ray Day was the rightful owner of the confiscated beer and liquor.
The first issue presented to this court is whether alcoholic beverages seized while unlawfully in the possession of a minor are contraband goods subject to condemnation by the State.
Code of Alabama 1975, § 28-4-250 defines the term “contraband” as it is used in connection with the condemnation of alcoholic beverages as follows:
Prohibited liquors and beverages kept, stored or deposited in any place in this state for the purpose of sale or unlawful disposition or unlawful furnishing or distribution and the vessels and receptacles in which such liquors are contained are declared to be contraband .
Contraband has also been judicially defined as alcoholic beverages illegally possessed, sold, or otherwise disposed of contrary to law. Lovett v. State, 30 Ala.App. 334, 6 So.2d 437 (1941), cert. den., 242 Ala. 356, 6 So.2d 441 (1942). In the present case the beer and liquor were in the possession of a juvenile, which made the possession thereof unlawful and subjected it to confiscation as contraband. Thus, the State established a prima facie case for condemnation of the beer and whiskey.
The final issue raised on this appeal is whether the trial court imposed a higher burden of proof on the State than is required in a condemnation proceeding. The State argued that the trial court’s statement that all “maybes” were to be resolved against the State had the effect of requiring the State to prove not only that the alcoholic beverages were subject to condemnation, but also that the intervenor was not the owner of the beverages and thus not entitled to receive possession of them.
The rules of evidence in civil actions govern in condemnation proceedings. Lovett v. State, supra.
As previously noted, the State established that the alcoholic beverages were being illegally possessed by a minor when seized. The burden of proof was then shifted to the intervening owner or claimant to establish ownership of the alcoholic beverages. See Mars v. State, Ala.Civ.App., 340 So.2d 1131 (1976).
To support his claim of ownership, the intervenor testified that he had borrowed a *122 van-type vehicle from the mother of the juvenile in question to transport some beer and whiskey that he had purchased for a wedding party. The vehicle, containing the beer and whiskey, was returned to Mrs. Wright, the mother of the juvenile. The mother was not informed of the contents of the vehicle. The next morning the juvenile took the van to get the wedding cake for his sister’s wedding, and, during the trip, he was apprehended for being in possession of the beer and whiskey.
There was testimony offered by the State in rebuttal that the father of the juvenile had a reputation among law enforcement officers of supplying beer and whiskey to bootleggers in adjoining counties.
At the conclusion of the hearing, the court did say that it considered that all “maybes” should be resolved against the State. However, the court went on to explain what it considered “maybes.” As were view the court’s statements, the only rational conclusion to be gained from its explanation is that the court had heard evidence that produced conflicting inferences and that those inferences were being resolved in favor of the intervenor, Travis Day. Furthermore, the evidence supports the trial court’s resolution of those inferences. Therefore we do not find that the trial court placed a greater burden of proof on the State than is required in a condemnation case. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.