McMILLAN, Judge.
The appellant was convicted of “trafficking in cocaine,” in violation of § 13A-12-231, Code of Alabama (1975). He was sentenced to 15 years’ imprisonment and was fined $50,000.
Investigator Rufus Foxx, of the Madison County Sheriff’s Department, received information from two confidential informants, who had proven reliable in the past, that the appellant was selling cocaine at his residence. Based upon this information, the appellant’s residence was placed under surveillance. On two occasions, Foxx set up “controlled buys” from the appellant. Investigator Foxx then obtained a search warrant for the appellant’s residence. Foxx stated that when he went to appellant’s house to serve the search warrant, the appellant answered the door, but that when Foxx identified himself and informed the appellant that he had a search warrant, the appellant ran to the bathroom and began to flush plastic bags containing what appeared to be cocaine.
After reading him his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Foxx placed the appellant under arrest. In the process of searching the appellant, the following was found on his person: four packages of cocaine; $860 in cash; and a .22 Derringer pistol. According to Foxx’s testimony, appellant waived his Miranda rights and informed the police of how he *952 had acquired the cocaine and how much he had sold over the past four months. Foxx told appellant that “[he] could not promise him anything but that [he] wanted his cooperation” and that if the appellant decided to cooperate or provide information “[he] would make a recommendation to the District Attorney.”
After Foxx had read the Miranda card and had encouraged appellant’s cooperation, this appellant discussed his operation and admitted that the confiscated cocaine belonged to him. On cross-examination, the defense attorney posed the following questions to Investigator Foxx:
“Q Are you sure you didn’t tell him that needed to work for you all?
“A What we told him is that if he decided to cooperate or provide information to us, that we could make a recommendation.
“Q Okay.
“A And at that point, then, Mr. Hamlet did go into telling us about how he had purchased his cocaine, and that he had been selling cocaine probably since June, and that he sold—
“Q So, the answer to my question is, then, you did, you went into a possibility of him working with you or working the charge down or getting probation or lightening his sentence, didn’t you?
“A We did not promise him anything. We told him that we could not promise him, but that we could make a recommendation, provided he wanted to cooperate.
“Q But you held that out to him as an inducement to work for you all?
“A Yes, sir, we did.
“Q The, after you gave him his Miranda warnings and talked to him about that, then, he told you about his operation, isn’t that correct?
“A Yes, sir, that’s correct.
“MR. MILLER: I don’t have any other questions.”
Appellant argues that the inducement negated the voluntariness of his confession. This issue was recently addressed by the Alabama Supreme Court in Ex parte Weeks, 531 So.2d 643 (Ala.1988). In that case, police officials went to Weeks’s home to execute a search warrant. During the course of the search, one of the officers uncovered a small amount of marijuana and a Smith and Wesson stainless steel .38 revolver. Because the serial number had been filed off the gun, the officers suspected that it had been stolen. One of the officers took Weeks to the front of his residence and read him his Miranda rights. He explained to Weeks that he was not under arrest, that the officer wanted to ask him some questions about the gun. After the advisement of the rights, the officer told Weeks that if he would confess to his part in the burglary, the officer would make sure that the district attorney knew about it. After the officer read the Miranda card and had encouraged Weeks’s cooperation, Weeks explained how he had acquired the gun. After this discussion, the officer encouraged Weeks to make a written statement and again promised to contact the district attorney on Week’s behalf if Weeks would cooperate. Because of his “cooperation,” Weeks was convicted of receiving stolen property and was sentenced to 15 years in the penitentiary.
The Alabama Supreme Court held:
“The issue is whether this inducement negated the voluntariness of the inculpa-tory statement. As this Court said in Guenther v. State, 282 Ala. 620, 623, 213 So.2d 679, 681 (1968), cert. denied, 393 U.S. 1107, 89 S.Ct. 916, 21 L.Ed.2d 803 (1969):
“ ‘The true test of voluntariness of extra-judicial confessions is whether, under all the surrounding circumstances, they have been induced by a threat or a promise, express or implied, operating to produce in the mind of the prisoner apprehension of harm or hope of favor; and if so, whether true or false, such confessions must be excluded from the consideration of the jury as having been procured by undue influence.’
“Citing Womack v. State, 281 Ala. 499, 205 So.2d 579 (1967).
“Womack was a murder case in which the defendant was told it would ‘go light *953 er’ on him if he talked. 281 Ala. at 506, 205 So.2d at 585. In reversing his conviction, this Court held that the sheriffs inducement gave the defendant a ‘real hope for lighter punishment’ and therefore made his admission involuntary. See also, Edwardson v. State, 255 Ala. 246, 51 So.2d 233 (1951); Kelly v. State, 72 Ala. 244 (1882); Redd v. State, 69 Ala. 255 (1881). As this court said in Wom-ack:
“ ‘Any words spoken in the hearing of the prisoner which may, in their nature, generate such fear or hope render it not only proper but necessary that confessions made within a reasonable time afterwards shall be excluded, unless it is shown by clear and full proof that the confession was voluntarily made after all trace of hope or fear had been fully withdrawn or explained away and the mind of the prisoner made as free from bias and intimidation as if no attempt had ever been made to obtain such confessions.’
“Citing Owen v. State, 78 Ala. 425, 428 (1885). See also, Ex parte Callahan, 471 So.2d 463, 464 (Ala.1985) (‘Extrajudicial confessions are prima facie involuntary and inadmissible, and the burden is on the State to prove that the confession was made voluntarily’); Magwood v. State, 494 So.2d 124, 135 (Ala.Cr.App.1985), aff’d, 494 So.2d 154 (Ala.), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986) (‘the State must show voluntariness and a Miranda predicate in order to admit it’); Malone v. State, 452 So.2d 1386, 1389 (Ala.Cr.App.1984); Cole v. State, 443 So.2d 1386 (Ala.Cr.App.1983).
“In the present case the arresting officer admitted that he offered to ‘give something favorable to him if he [Weeks] would help,’ just prior to eliciting the inculpatory statement. Where a suspect is subjected to custodial questioning regarding alleged criminal activity, such an express promise would necessarily engender a hope of favor in the suspect’s mind. Because the statement was not voluntarily given, it should have been excluded from the consideration of the jury.
“It is also apparent from the record that the State did not sustain its burden of proof of voluntariness in regard to [the arresting officers].”
The burden is on the State to show proper predicates, specifically, in this case, a lack of inducements for the admission of an extra-judicial inculpatory statement. Because all extra-judicial confessions are pri-ma facie involuntary, the State has the burden of proving voluntariness. Ex parte Callahan, supra; Magwood v. State, supra. Unless the trial judge’s conclusion that the inculpatory statement was voluntary and admissible is supported by evidence, it will not be upheld. Malone v. State, 452 So.2d 1386 (Ala.Cr.App.1984).” Weeks, supra, at 644-45.
In light of Investigator Foxx’s candid testimony that he told the appellant, shortly before eliciting the inculpatory statements, that if he would “cooperate or provide information” he would make a recommendation to the district attorney, the judgment is due to be reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.