ROBERTSON, Presiding Judge.
During the execution of a search warrant in the home of Arthur McNeese, Madison County Deputy Sheriff Jackie East and other officers discovered fourteen individually wrapped bags of marijuana and $200 in cash in McNeese’s billfold. McNeese was placed under arrest and informed of his Miranda rights. Subsequently, McNeese was asked questions concerning who supplied the marijuana to him, during which time Deputy East offered to make a recommendation to the district attorney for a more lenient treatment if McNeese would help get the “supplier” off the street. Deputy East testified that, during the questioning, McNeese stated that he sold marijuana, that he had used his Chevrolet Camaro automobile to pick up marijuana, and that the $200 in his billfold was attributable to drug transactions consummated earlier in the day.
Aside from pursuing criminal charges, the state also filed a complaint in accordance with § 20-2-93, Code 1975, seeking the forfeiture of McNeese’s Camaro and the $200 found in his billfold. Following an ore tenus proceeding, the trial court condemned the $200 for law enforcement use but ordered the ear returned to McNeese, applying Hamlet v. State, 574 So.2d 951 (Ala.Crim.App.1990). The state then filed a motion to alter, amend, or vacate the judgment or to grant a new trial, again seeking forfeiture of the car, arguing that the trial court had misapplied Hamlet. After reconsideration, the trial court granted the state’s motion and amended its earlier judgment to include condemnation of the car for law enforcement use.
On appeal McNeese argues that Hamlet disallows consideration by the trial court of his statement concerning the car. Since there was no other evidence, other than McNeese’s statement, linking the car to drug transactions, McNeese argues that the trial court’s granting of the state’s motion to amend should be reversed.
In Hamlet, sheriff’s deputies executed a search warrant in Hamlet’s home, read him the Miranda rights, and ultimately discovered cocaine, cash, and a handgun on Hamlet’s person. According to an investigator in the sheriff’s department, Hamlet waived his Miranda rights and informed the police of his cocaine operation. Prior to Hamlet’s confession, however, the investigator told Hamlet that a recommendation of leniency would be made to the district attorney if he would disclose information pertaining to his cocaine sales. Hamlet cooperated. In reversing his trafficking conviction, the Court of Criminal Appeals held that the investigator’s inducement of possible leniency to Hamlet negated the voluntariness of Hamlet’s confession; therefore, any such statements should have been excluded at trial.
In the present case, Deputy East testified that he told McNeese he would make a recommendation of leniency to the district attorney if McNeese would provide the name of his supplier of marijuana. Deputy East further stated that he was unsure if his offer came before or after McNeese’s statements concerning the use of his car. It has not been disputed that these alleged statements were the only evidence linking McNeese’s car to any drug transactions.
The state maintains that the holding in Hamlet is inapplicable to this fact situation because Hamlet was a criminal proceeding, and this is a civil proceeding; therefore, the state argues that Hamlet’s exclusionary rule should not be applied.
In Riggs v. State ex rel. Jones, 217 Ala. 102, 115 So. 1 (1927), our supreme court stated:
*617 “The rules of evidence in civil actions govern in proceedings in the name of the state for condemnation of vehicles used in the transportation of prohibited liquors ....
“No predicate was required for the introduction of the declarations of the owner tending to connect him with the illegal act. They are admissible as declarations against interest in civil actions, not as confessions in criminal prosecutions.”
Also, in Davis v. State ex rel. Pettus, 264 Ala. 283, 86 So.2d 849 (1956), the defendant appealed the condemnation of his automobile, which had been used in the transportation of illegal liquors. In refusing to exclude certain evidence produced by the state, our supreme court, citing Riggs, held that civil rules of evidence apply in such condemnation proceedings.
This issue again is addressed in § 200.05 of Charles W. Gamble, McElroy’s Alabama Evidence (4th ed. 1991). Admissibility is dealt with as follows:
“The rules as to the admissibility of an accused’s confession in a criminal action do not apply when a person’s confession of his commission of a crime is offered against him in a civil action. This may be taken to stand for the proposition that a confession will be admissible in a civil action, if relevant, without a showing that it was voluntarily made.”
Based on the foregoing, we hold that the exclusionary rule expounded in Hamlet is inapplicable in this condemnation proceeding. Since the trial court’s consideration of McNeese’s alleged statement concerning the use of his car to transport marijuana was not error, the trial court’s judgment is affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.