Rajeev Malholtra appeals from the trial court's judgment ordering the forfeiture of two automobiles and $300 pursuant to § 20-2-93, Ala. Code 1975, the forfeiture provision of the Controlled Substances Act.
The evidence adduced at trial tended to show the following: Jefferson County sheriff's deputies properly conducted searches of Malholtra's townhouse and a mini-storage warehouse. A small amount of marijuana was found at the townhouse. Electronic scales and $600 also were found in the townhouse. Between three to four pounds, or about one kilogram, of marijuana was found in the mini-storage warehouse. A 1988 Mercedes-Benz 260E automobile and a 1989 Volkswagen Golf automobile were seized at Malholtra's residence.
Malholtra and his wife were read their Miranda[1] rights during the search. Once the drugs were discovered, Malholtra admitted that he had knowledge of the drugs. A sheriff's deputy talked to Malholtra about cooperating with law enforcement officials. Malholtra then told the deputy that he had traveled to Miami, Florida, and purchased the marijuana there for $650 a pound. Malholtra also told the deputy he kept the marijuana at the mini-warehouse and would get some as he needed it.
In searching the Mercedes, deputies discovered a map of Florida and a copy of Florida Today, a newspaper that had been published on Florida's Atlantic coast the day before the searches were conducted.
Malholtra contends that the trial court erred in denying his motion to dismiss, which was based on what he said was the State's failure to prove a prima facie case for forfeiture of the vehicles. We note that in his brief on appeal, Malholtra never argues that the forfeiture of the $300 in cash was error.
Any vehicle that is used, or that is intended to be used, to transport or to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance is subject to forfeiture. § 20-2-93(a)(5), Ala. Code 1975. The State must establish a prima facie case for the forfeiture of property under Ala. Code 1975, § 20-2-93. State ex rel. Valeska v.Keener, 606 So.2d 150 (Ala.Civ.App. 1992). The State's standard of proof in a condemnation action is reasonable satisfaction. State v. Smith, 578 So.2d 1374 (Ala.Civ.App. 1991). On review of an ore tenus forfeiture proceeding, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence. Id.
Here, the evidence is sufficient to prove to a reasonable satisfaction that Malholtra used the Mercedes to transport marijuana from Florida to Alabama with the intent to sell the marijuana. Malholtra admitted to traveling to Miami to get the drugs. The Florida newspaper and the map found in the Mercedes tend to show that Malholtra used that car to bring the drugs from Miami. We cannot say that the judgment ordering the forfeiture of the Mercedes is contrary to the great weight of the evidence contained in the record.
On the other hand, the State presented no evidence to connect the Volkswagen Golf with any illegal drug activity. Even once the State has established that a person is dealing in illegal drugs, it is not entitled to any and all of that person's property. As discussed above, the State must present evidence that establishes to a reasonable satisfaction that the property is due to be forfeited because it was used or was intended for use in an illegal activity, as set forth in § 20-2-93. Because no evidence connected the Volkswagen Golf to any illegal drug activity, the State failed to establish a prima facie case that the Golf was due to be forfeited. See, e.g., Nicaud v. State exrel. Hendrix, 401 So.2d 43 (Ala. 1981); Robbs v. State ex rel.Whetstone, 674 So.2d 1301 (Ala.Civ.App. 1995). Because the evidence does not support the trial court's judgment ordering the forfeiture of the Golf, that portion of the judgment is reversed.
Malholtra also argues that the trial court erred in failing to exclude the statement he made to sheriff's deputies regarding traveling to Miami to purchase marijuana. *Page 427 
Malholtra argues that the statement was not made voluntarily because, he says, he told the deputy about buying the marijuana after the deputy had promised to make a recommendation of leniency to the district attorney if Malholtra cooperated.
The Alabama Supreme Court has held that the rules of evidence applicable in civil actions also apply in forfeiture proceedings. Riggs v. State ex rel. Jones, 217 Ala. 102, 102,115 So. 1, 1 (1927). "No predicate [is] required for the introduction of the declarations of the owner [of a forfeited vehicle] tending to connect him with the illegal act. They are admissible as declarations against interest in civil actions, not as confessions in criminal prosecutions." Id.
In McNeese v. State ex rel. Cramer, 592 So.2d 615
(Ala.Civ.App. 1992), a sheriff's deputy said that he told McNeese that he would make a recommendation of leniency to the district attorney if McNeese cooperated with the sheriff's investigation. McNeese's statement provided the only evidence linking his car to drug transactions; the trial court ordered a forfeiture of the car. This court, relying on Riggs, supra, held that the rule of evidence applied in criminal cases to exclude a defendant's statement made in response to a promise of leniency does not apply in civil forfeiture cases. Based onRiggs and McNeese, we conclude that the trial court did not err in excluding Malholtra's statement that he had traveled to Miami to purchase marijuana.
That portion of the judgment ordering the forfeiture of the Volkswagen Golf is reversed. The remainder of the judgment is affirmed. The cause is remanded for the trial court to enter a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).