CRAWLEY, Judge,
concurring specially.
In 1995, the Alabama legislature enacted the following statute:
“§ 12-21-13. Physical evidence not precluded from jury or court because of break in chain of custody.
“Physical evidence connected with or collected in the investigation of a crime shall not be excluded from consideration by a jury or court due to a failure to prove the chain of custody of the evidence. Whenever a witness in a criminal trial identifies a physical piece of evidence connected with or collected in the investigation of a crime, the evidence shall be submitted to the jury or court for whatever weight the jury or court may deem proper. The trial court in its charge to the jury shall explain any break in the chain of custody concerning the physical evidence.”
(Emphasis added.) A civil forfeiture proceeding is not “a criminal trial.” See Ex parte Kelley, 766 So.2d 837 (Ala.1999); Malholtra v. State, 717 So.2d 425 (Ala.Civ.App.1998). However, even if I could conclude that the legislature intended § 12-21-13 to apply in a forfeiture proceeding, I could not conclude that the statute rendered the evidence admissible. Officer Jackson was never asked to identify, and he did not identify, the physical evidence in this case.
THOMPSON, J., concurs.