On Application for Rehearing
In concurring with this court's affirmance of the trial court's judgment, I am not making a conclusive determination that the arcade games at issue do not constitute gambling devices. I am agreeing with the trial court that, in this particular case, the State failed to meet its burden of proving that the games were illegal gambling devices. This court's decision to affirm the *Page 20 
trial court in this matter has nothing to do with our deciding whether the two machines in question were illegal gambling devices. Instead, it has everything to do with adhering to our duty as a court to demand that the parties (in this case, the State) prove their cases as the law requires. The State sought the forfeiture of three "Cherry Master" arcade-game machines seized from a Montgomery lounge. After a trial, the trial court entered a judgment allowing the forfeiture of one of the machines but determining that the other two machines were not subject to forfeiture.
The evidence presented at trial tended to show the following. Two agents of the Alabama Alcoholic Beverage Control Board visited the lounge to play the games in an attempt to try to get a cash payout. One of the agents played the games for a time, winning four coupons or tickets. The agent tried to redeem his tickets for cash and, although the bartender at first told him it was illegal to redeem the tickets for money, the agent eventually was given $15. The agent did not note any serial number or other identifying designation on the machines he played, and he could not identify the machines that were seized from the lounge.
About six months later, the agents returned to the lounge; one played video-arcade games while being videotaped by the other. This time, the agent was not allowed to redeem his tickets for cash. Again, however, the agent could not identify the machines, and at trial he could not testify that the games were the same he had played earlier. Furthermore, the ABC agent who prepared the affidavit for the search and seizure of the machines could not identify any of the seized machines as those the agent played. The machines were seized six months after the last time the agents played the arcade games.
Bob Landa, the operations director for the company that owned the arcade machines, testified that only one of the machines seized had been in the lounge when the agent played the games. Records showed that the other two had not even been delivered to the lounge at that time.
The State's attempt to argue that this Court found that the machines are not illegal gambling devices is misplaced. Before the games can be forfeited, the law requires the State to make a prima facie case that the machines were illegal gambling devices. Wherry v. State, 637 So.2d 1353 (Ala.Civ.App. 1994). Furthermore, before this court can reverse a trial court's findings in a forfeiture case tried ore tenus, as this one was, the record must show that those findings are against the great weight of the evidence. Malholtra v. State, 717 So.2d 425
(Ala.Civ.App. 1998).
As to two of the seized machines, the State could not even identify the machines, much less prove that they were illegal gambling devices. My decision to affirm the judgment of the trial court is based on the State's utter failure to present evidence that two of the machines were illegal gambling devices, which is its legal burden.
Far from condoning any illegal activity, this court requires the State to follow the law just as it requires the State's citizens to follow the law. In this case, the State did a lackadaisical job at best in attempting to show that the machines it was hoping to have forfeited were illegal gambling devices. Because the State failed to meet the requirements of the law regarding forfeiture of illegal gambling devices, its attempt to have the video-arcade games forfeited must fail. The record evidence supports the trial court's finding; therefore, this court must affirm the judgment.
YATES, J., concurs. *Page 21