RUSSELL, Judge.
This appeal results from a condemnation of a 1983 Oldsmobile Regency pursuant to section 20-2-93, Ala.Code (1975) (1984 Repl.Vol.).
After an ore terms hearing, the trial court found that the condemnation of the automobile driven by Rick Edwards (husband) was valid. The court further found that appellant Sharon Edwards (wife) could have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property. The wife appeals. We affirm.
At the outset we note that our review is extremely narrow. “When any evidence exists or any reasonable inference can be drawn from it to support the trial court’s ore tenus findings, then we must affirm. Pickron v. State ex rel. Johnston, 443 So.2d 905 (Ala.1983).” Hayden v. State ex rel. Galanos, 513 So.2d 638, 639 (Ala.Civ. App.1987).
At trial the parties stipulated that on or about October 30, 1987, the husband drove the wife’s automobile to meet with an undercover police officer and a confidential informant for the purpose of selling marijuana to them. The sale of the marijuana took place within the confines of the automobile.
On July 27, 1988, a complaint was filed on behalf of the State of Alabama versus the 1983 Oldsmobile Regency driven by the husband when he made the drug deal. The complaint requested that the automobile be condemned pursuant to section 20-2-93(a)(5), Ala.Code (1975), which provides in pertinent part:
“(a) The following are subject to forfeiture:
“(5) All conveyances, including aircraft, vehicles, or vessels, or agricultural machinery, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation sale, receipt, possession, or concealment of any property described in subdivision (1) or (2) of this subsection.”
(Subsections (1) and (2) describe property classified as “controlled substances”.)
The wife argued at trial that she had no knowledge of the fact that her husband was using the automobile to make drug deals and that, thus, the automobile should be returned to her.
Section 20-2-93(h), Ala.Code (1975) provides:
“An owner’s ... interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner ... proves both that the act or omission subjecting the property to forfeiture was committed or omitted without the owner’s ... knowledge or consent and that the owner ... could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use.”
(Emphasis added.)
The dispositive issue is whether the wife proved her lack of knowledge of the husband’s intended illegal use and her inability to obtain knowledge of such by reasonable diligence.
The evidence at trial revealed that the wife had known for over seven years that the husband smoked marijuana; she knew that he kept marijuana in their home. She also knew that people would come to their home, but never come in. The wife testified that she knew that the husband was getting marijuana from somewhere, but never inquired into his source and never asked if he was selling marijuana.
*1037 The State proved a prima facie case that the automobile was used to sell marijuana. It then was incumbent upon the wife to prove her lack of knowledge of the intended illegal use and her inability to obtain knowledge of such by reasonable diligence. Singleton v. State, 396 So.2d 1050 (Ala.1981); Air Shipping International v. State, 392 So.2d 828 (Ala.1981).
In view of the above, we find that there is ample evidence to support the trial court’s finding that the wife could have obtained knowledge of the husband’s illegal use of the automobile had she exercised reasonable diligence.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.