Janice Culpepper appeals from the trial court's order condemning her 1980 automobile, which was seized during the arrest of her brother for the violation of controlled substances laws, specifically Ala. Code 1975, § 20-2-93. Culpepper contends that there was insufficient evidence for the trial court to find that she "could have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of her automobile." We agree and reverse and remand.
We note at the outset that when evidence is presented ore tenus, the judgment of the trial court is presumed correct and will be affirmed when it is supported by competent evidence, unless it is shown to be palpably wrong. Blankenship v.Blankenship, 534 So.2d 320 (Ala.Civ.App. 1988).
In forfeiture and seizure proceedings pursuant to § 20-2-93, the state may establish a prima facie case by showing that the items in question were used or intended to be used in violation of the Alabama Uniform Controlled Substances Act. Moynes v.State, 555 So.2d 1086 (Ala.Civ.App. 1989). Here, there is no dispute that the automobile in question was used in violation of the Act. Once this has been established, owners or lienholders as to certain property may prevail in forfeiture proceedings if they prove that the act was committed without their knowledge and that they could not have obtained that knowledge by the exercise of reasonable diligence so as to have prevented the illegal use. Ala. Code 1975, § 20-2-93(h).
Culpepper filed a statement of the evidence pursuant to Rule 10(d), Alabama Rules of Appellate Procedure, which is allowed if no report of the evidence is made at the hearing or if a transcript is unavailable. The state of Alabama then had the opportunity to object or to propose amendments, which it did not do. The statement was settled and approved by the trial judge as required by Rule 10(d).
The statement reveals that Culpepper testified that she had lent her car to her brother three times, that he assisted her in buying the car because he was licensed to buy cars from "this type of auctioneer" *Page 361 
and she needed help in determining that the automobile was in good running condition, and that she paid for the automobile from her own funds. She also testified that she had given her brother permission to drive the car to get it out of the repair shop, but that he was using the car at the time of his arrest without her permission. In addition, Culpepper stated that at the time of her brother's arrest, she was unaware that he was engaged in illegal drug activity.
One witness for the state testified that he had seen the vehicle at a certain address eight times; however, Culpepper stated that her mother lived at that address. Another witness for the state, a patrol deputy, testified that he had seen the brother washing the automobile in question and had seen him driving it on ten to fifteen occasions. In addition, a cellular telephone was confiscated from the car.
A review of the Rule 10(d) statement does not lead to a reasonable inference that Culpepper "could have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of her automobile." There is no evidence of previous drug arrests of the brother or of any other information that should have put Culpepper on notice that, if she lent her car to her brother and it had a cellular phone, it would be used for drug purposes. In addition, Culpepper testified that her brother was using her car without her permission at the time of his arrest. Therefore, we find that the trial court's decision is unsupported by the evidence and that it is plainly and palpably wrong.
The judgment is due to be reversed and the cause remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.