ROBERT P. BRADLEY, Retired Appellate Judge.
This appeal results from the condemnation of a vehicle pursuant to § 20-2-93, Code 1975.
In May 1990 the State of Alabama filed a complaint for condemnation against James Carlos Robinson alleging that one 1982 Datsun 280Z had been used by Robinson to transport marijuana. Robinson filed an answer denying this allegation.
After an ore tenus proceeding, the Houston County Circuit Court found that the vehicle had been used for the unlawful transportation of a controlled substance and ordered its forfeiture to the State of Alabama. Robinson filed a motion for new trial, which was denied. He appeals.
The record shows that on May 14, 1990 Robinson was arrested by deputies of the Houston County Sheriff’s Department for possession of marijuana. After conducting a search of Robinson’s car, the deputies found 2.75 grams of marijuana. The parties stipulated that the search was based on probable cause.
The State filed the complaint for forfeiture based on § 20-2-93(a)(5). Under this section, any vehicle used or intended to be used for the transport, sale, receipt, possession, or concealment .of controlled substances is subject to forfeiture. However, an owner of property may not be subject to forfeiture of property where the following provisions are met: (1) the act or omission subjecting the property to the forfeiture was committed or omitted without the owner’s knowledge or consent, and (2) the owner could not have obtained such knowledge by reasonable diligence so as to have prevented such use. § 20-2-93(h), Code 1975.
Robinson argues that the trial court erred in ordering the forfeiture of his car because he did not have the requisite knowledge of the illegal use of his car as required by § 20-2-93(h).
At trial, the State proved a prima facie cáse that the car was used to transport marijuana; thus, Robinson had the burden of proving his lack of knowledge. Edwards v. State, 550 So.2d 1035 (Ala.Civ.App.1989). Robinson testified that he had previously been arrested by the Alabama Department of Public Safety (Department) for attempting to sell an amphetamine lab to the Department’s undercover agents. After this arrest he agreed to assist with drug investigations in return for a possible lighter sentence and did assist in two subsequent investigations.
Robinson testified that he had offered to investigate a marijuana field for a narcotics agent and that the marijuana bud found in his car was a sample that he was bringing to show the agent. This agent testified that Robinson was indeed an informant for him; however, it was highly controverted whether Robinson was authorized to investigate the alleged marijuana field. There was also testimony to impeach the statements made by the narcotics agent.
After hearing the testimony and observing the various witnesses, the trial court rejected Robinson’s defense. Upon a careful review of the record, we find that the trial court could have inferred from the evidence that Robinson was not acting as an informant for the Department when he transported the marijuana in his car. The trial court’s judgment is not plainly and palpably wrong, thus it must be affirmed.
Robinson next argues that the forfeiture of his car constitutes a taking of his property by the State without due process.
Unless there is a lack of jurisdiction, this court will not consider any constitutional challenge that was not first presented to the trial court. Woodham v. Woodham, 387 So.2d 150 (Ala.1980). Robinson failed to present the due process issue be *420 fore the trial court, which had jurisdiction to rule upon it. Consequently, we are prevented from reviewing it here.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.