RUSSELL, Judge.
The State of Alabama (state) filed a “petition for condemnation of conveyance,” alleging that Bibby Leon Simmons possessed a van which, it claimed, Simmons “used, or intended for use, to transport, or facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or raw materials, products and/or equipment.” It further alleged that the van was seized and held in custody pursuant to § 20-2-93, Ala.Code 1975, and requested that the trial court condemn and forfeit it. Simmons appeals from the trial court’s order that ordered the condemnation and forfeiture of Simmons’s van to the City of Montgomery. We affirm.
We note that our review is limited by the ore tenus rule. Therefore, the judgment of the trial court is presumed correct, and unless it is shown to be palpably wrong, it is to be affirmed when supported by competent evidence. Culpepper v. State, 587 So.2d 359 (Ala.Civ.App.1991).
The record reveals that the parties stipulated that Simmons had pleaded guilty to misdemeanor possession of a small amount of marijuana in a belt pouch for personal use.
A police officer testified that he and his partner observed someone approach the driver’s side of a white van and exchange a clear bag and money with the person inside. He stated that they got into their car and approached the van, which had moved. *1100 Simmons got out of the van, and while he was searching for his driver’s license, the officer observed the belt pouch, which contained a green, leafy substance that he believed to be marijuana. He also stated that his partner found a black bag in the van, which also contained a green, leafy substance believed by the officer to be marijuana and that Simmons denied ownership or knowledge of the bag.
The officer’s partner testified to observing the transaction taking place, seeing the marijuana in the belt pouch, and finding the black bag that contained a substance that appeared to be marijuana. It appeared to him to be the same as the substance in the belt pouch. The officer testified that Simmons stated that he was in the vicinity for the purpose of purchasing marijuana.
Also, a narcotics officer who received the evidence from the two arresting officers testified that he took a tape recorded statement from Simmons and identified a transcription of that statement. It was admitted into evidence without objection to support his testimony that Simmons told him that he was in the area to purchase marijuana.
Simmons testified that he was not in the area to purchase marijuana and denied that he purchased it. He stated that someone approached him and offered to sell him some marijuana, but that he had no money to make a purchase.
Simmons contends that the state did not meet its burden of proof because, he claims, the state did not prove that the substance in the van was marijuana and because the officers gave varying accounts of the incident.
Section 20-2-93 provides as follows:
“(a) The following are subject to forfeiture:
[[Image here]]
“(5) All conveyances, including aircraft, vehicles, or vessels, or agricultural machinery, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of any property described in subdivision (1) or (2) of this subsection.”
The state must establish from the evidence a prima facie case for the seizure, condemnation, and forfeiture of property pursuant to § 20-2-93, and the standard of proof is reasonable satisfaction. Moynes v. State, 555 So.2d 1086 (Ala.Civ.App.1989).
Here, two officers testified that they witnessed Simmons’s involvement in a drug transaction in a high drug-traffic area. In addition, Simmons pleaded guilty to possessing marijuana that was in a belt pouch around his waist when he exited the van, and an additional substance believed to be marijuana was found in the van. Furthermore, the officers testified that Simmons admitted that he was in the vicinity to purchase or to try to purchase marijuana.
Based on the above, we hold that the judgment was supported by competent evidence. The trial court’s judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.