Nellie Mitchem Kuykendall appeals from a judgment of the Henry Circuit Court ordering the condemnation of a 2005 Chevrolet Silverado pickup truck ("the truck"). We reverse and remand.
On September 9, 2005, the State filed a civil-forfeiture complaint in the trial court against Kuykendall and her son, Robert Ray Yaun, seeking the forfeiture of the truck. The State claimed that the truck should be forfeited pursuant to §20-2-93, Ala. Code 1975, because Yaun had been caught driving the vehicle while in possession of methamphetamine.
On September 29, 2005, Kuykendall and Yaun filed separate answers, both stating that Kuykendall was the sole owner of the truck and denying the material allegations of the complaint. The trial court conducted an ore tenus hearing on November 30, 2005. On December 6, 2005, the trial court entered a judgment against Kuykendall and Yaun and ordered that the truck be forfeited to the State. *Page 444 
Subsequently, on December 30, 2005, Kuykendall filed a postjudgment motion for a judgment as a matter of law or, in the alternative, for a new trial. The trial court denied that motion, and Kuykendall timely appealed to this court.
The relevant facts from the record are as follows. On August 19, 2005, Yaun borrowed Kuykendall's truck in order to drive his brother from Florida to the airport in Atlanta, Georgia. While returning to Florida from Atlanta, Yaun was traveling through Henry County, Alabama, when police officer Tony Smith stopped Yaun for speeding. During the stop, Officer Smith noticed that Yaun appeared "nervous and fidgety," and, therefore, Officer Smith decided to call for backup. When backup officers arrived, Officer Smith obtained Yaun's written consent to search the truck. Officer Smith's search of the truck revealed various suspicious containers in different parts of the truck, including a "crazy glue" container, two small bottles, and a vial, all of which contained a crystalized substance or residue. Also found in the truck was a bottle containing the same substance as the other containers, and that bottle fit perfectly with a decorative top on a necklace that Yaun was wearing. A field test of the containers revealed that the substance was crystal methamphetamine, which is listed as a controlled substance in § 20-2-27, Ala. Code 1975. The identification of the substance as methamphetamine was later confirmed by the Alabama Department of Forensic Sciences in Dothan. The police arrested Yaun and seized the truck.
Though the exact date is not clear from the record, it appears that, at some point in the early 1990s, Yaun was convicted on drug-related charges. Kuykendall testified that she was aware when she loaned Yaun the truck that Yaun had been arrested on a drug-related charge and that he had undergone treatment for drug problems. However, Kuykendall also testified that she had never seen Yuan with drugs or drug-related paraphernalia and that she thought he had been "clean" ever since his conviction in the early 1990s.
On appeal, Kuykendall contends that the trial court erred in entering a judgment in favor of the State because, she claims, the State failed to establish that Kuykendall knew or should have known that Yaun would transport illegal drugs in her truck.
On appellate review of a ruling from a forfeiture proceeding at which the evidence was presented ore tenus, the trial court's judgment is presumed to be correct unless the record shows it to be contrary to the great weight of the evidence. Holloway v.State ex rel. Whetstone, 772 So.2d 475, 477
(Ala.Civ.App. 2000). In other words, a trial court's judgment based on ore tenus evidence will not be reversed absent a showing that it amounts to an abuse of discretion. Hillegassv. State, 795 So.2d 749, 753 (Ala.Civ.App. 2001).
In order to obtain the forfeiture of a vehicle pursuant to § 20-2-93(a)(5), Ala. Code 1975, the State must establish that the vehicle has been "used, or . . . intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of a controlled substance. "`"Under § 20-2-93 the State must establish a prima facie case for the seizure, condemnation, and forfeiture of the property. . . . The statute is penal in nature and, as such, should be strictly construed."'" Ex parteMcConathy, 911 So.2d 677, 681 (Ala. 2005) (quotingHolloway v. State ex rel. Whetstone, 772 So.2d at 476, quoting in turn State v. Smith, 578 So.2d 1374, 1376
(Ala.Civ.App. 1991)). To justify the forfeiture of a vehicle, the trier of fact must be reasonably satisfied that the vehicle was used to illegally transport or to facilitate the transportation, *Page 445 
sale, receipt, possession, or concealment of a controlled substance. Ex parte Dorough, 773 So.2d 1001, 1003 (Ala. 2000).
The record reveals sufficient evidence upon which the trial court could have concluded that the truck was used to illegally transport a controlled substance. Alabama courts have held that the presence of illegal drugs in a vehicle is sufficient to justify forfeiture when the evidence indicates that either the driver or the owner of the vehicle knew or should have known that the drugs were present. See Alexander v. State,904 So.2d 1265, 1269 (Ala.Civ.App. 2004); Ex ParteDorough, 773 So.2d at 1002-03; and Malholtra v.State, 717 So.2d 425, 426 (Ala.Civ.App. 1998). The police officers found multiple containers with crystal methamphetamine residue at various places in the truck, including a bottle that could attach to a necklace that Yaun was wearing. Thus the evidence supports a finding that at least Yaun, the driver, knew that a controlled substance was present in the truck. The testimony of the police officers also clearly establishes that the truck was being used to transport a controlled substance. Therefore, the trial court could reasonably have found that the State established its prima facie case.
However, the trial court's second finding, that Kuykendall did not establish an adequate defense to forfeiture, is problematic. Section 20-2-93(h), Ala. Code 1975, states, in part:
 "An owner's or bona fide lienholder's interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission subjecting the property to forfeiture was committed or omitted without the owner's or lienholder's knowledge or consent and that the owner or lienholder could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use."
Thus, a "lack of knowledge or consent is an affirmative defense, available after the State has made a prima facie case for forfeiture." State ex rel. Williams v. One GlastronBoat, 411 So.2d 795, 796 (Ala.Civ.App. 1982). Kuykendall, as the owner of the truck, was required to show "that [she] had no knowledge or notice of the illegal use proved, and could not by reasonable diligence have obtained knowledge of the intended illegal use so as to prevent it." Air Shipping Int'l v.State, 392 So.2d 828, 830 (Ala. 1981). See also Robinsonv. State, 587 So.2d 418, 419 (Ala.Civ.App. 1991);Culpepper v. State, 587 So.2d 359, 360
(Ala.Civ.App. 1991); and Edwards v. State,550 So.2d 1035, 1037 (Ala.Civ.App. 1989).
The record simply does not support a finding that Kuykendall had any knowledge that Yaun would transport a controlled substance in the truck. Though Kuykendall admitted that she was aware that Yaun had been convicted of a drug-related offense 10-12 years earlier, Kuykendall testified that she had no knowledge of any recent drug use by Yaun or any activity that would make her suspect that Yaun would possess or transport illegal drugs in the truck. The only evidence provided by the State regarding Kuykendall's knowledge or reason to suspect that Yaun would transport a controlled substance in the truck is Yaun's conviction for a drug-related crime in the early 1990s. Knowledge of that one conviction alone is not enough to establish that Kuykendall had knowledge of Yaun's recent drug use or that he would use her truck to transport a controlled substance. *Page 446 
Kuykendall maintains that, even using reasonable diligence, she could not have discovered Yaun's illegal use of the truck. We agree. Although § 20-2-93(h) does not provide detailed guidance as to what level of diligence is "reasonable," Alabama courts have interpreted the statute to require reasonableness under the circumstances. See Air Shipping Int'l v.State, 392 So.2d at 830; Singleton v. State,396 So.2d 1050, 1053-55 (Ala. 1981); and Culpepper v.State, 587 So.2d 359, 360-61 (Ala.Civ.App. 1991). InSingleton v. State, the Alabama Supreme Court explained:
 "The requisite notice necessary to excite suspicion and stimulate inquiry is necessarily determined by the facts of each particular case. It may be notice imputed by law, such as the reputation and general character of the violator in the community in which he works and lives. It may be actual notice or knowledge of the violator's disreputable character or conduct."
396 So.2d at 1054 (citations omitted).
In Culpepper v. State, supra, this court reversed a judgment forfeiting a vehicle entered against Culpepper, whose brother had been caught driving the vehicle while in possession of illegal drugs, because the State had failed to present any evidence indicating that Culpepper knew of her brother's drug use. 587 So.2d at 360-61. Although Culpepper's brother had apparently been using illegal drugs for some time, the State failed to establish any information available to Culpepper that "should have put Culpepper on notice that . . . [her vehicle] would be used for drug purposes." 587 So.2d at 361. Therefore, under the circumstances, reasonable diligence did not require that Culpepper make detailed inquiry into her brother's use of the vehicle.
In this case, just as in Culpepper, the State failed to establish any facts that would reasonably incite Kuykendall's suspicion and stimulate inquiry into the use of her truck by Yaun. The only evidence that the State relied upon in support of its argument that Kuykendall should have been on notice that Yaun would use her truck to transport a controlled substance was Kuykendall's knowledge that, more than ten years before the truck was seized, Yaun had been convicted of a drug-related offense. Evidence of Kuykendall's awareness of Yaun's 10-year-old drug conviction alone, without any evidence indicating that Kuykendall was aware of recent drug activity by Yaun, is not enough to support the conclusion that Kuykendall knew or should have known that her truck might be used to transport drugs. Further, Kuykendall testified that she rarely allowed Yaun to use her truck. At the time the police stopped Yaun, Kuykendall had loaned Yaun the truck for the sole purpose of driving her other son to the airport. It is unlikely, therefore, that illegal drugs had been in the vehicle during any time that Kuykendall could have discovered them. Given the evidence in the record on appeal, we must conclude that the trial court erred in ordering the truck to be forfeited pursuant to § 20-2-93, Ala. Code 1975.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON and PITTMAN, JJ., concur.
 MURDOCK and BRYAN, JJ., concur in the result, without writing. *Page 447