THOMPSON, Presiding Judge.
The State of Alabama appeals from a judgment denying the forfeiture of a Chevrolet Tahoe owned by Richard Jameel Sali-ba (“Richard”).
The record indicates the following. In March 2012, Richard’s son, Richard Michael Saliba (“Michael”), was arrested after he overdosed on illegal drugs while visiting his sister’s apartment. Richard placed Michael in a substance-abuse rehabilitation center in California, where Michael stayed for 90 days. Richard testified that in July 2012, two weeks after Michael returned to Dothan from the rehabilitation facility, Michael was arrested again on a drug charge.
According to Richard, after that incident, Michael was assisting the police, so Richard allowed him to drive the Tahoe. Richard testified that he thoroughly searched the Tahoe for drugs on multiple occasions. He also tested Michael for drugs two or three times a week, in an effort to ensure that Michael was not relapsing.
Despite Richard’s efforts, on the afternoon of August 22 or 23, 2012, Michael was found in the Tahoe in the parking lot of a service station in Dothan. The engine of the Tahoe was still running, and Michael was unconscious with a needle stuck in his arm. Dothan police officers were notified, and, when they arrived at the scene, Michael was disheveled, confused, and groggy. Dothan police officer Jonathon Wha-ley testified that he saw a fresh needle mark, which was still bleeding, on Michael’s arm. Officer Whaley said he also saw an unused hypodermic syringe on the front seat of the Tahoe. A pill vial containing a white powder was on the center console of the Tahoe. A used needle was also discovered in the Tahoe. Bottles were also found, but police could not identify the substances in those bottles at the scene, Officer Whaley said. Michael told police he had Fentanyl. He also told police that a yellow liquid containing white flakes that was in the Tahoe was a friend’s urine and that the white flakes were Adde-rall, an amphetamine for which Michael had a prescription. Michael said he had the urine with him because his parents were testing him for drugs and he hoped to use it to deceive them. Michael testified to the lengths he went to prevent his father from knowing that he was using drugs, including using synthetic urine, which he kept warm by keeping it close to his body, or wrapped in a heating pad, so that it would be body temperature. He would also add soap to the synthetic urine so that it would be frothy when he poured it from his groin area into the cup used for testing.
The State sought the forfeiture of the Tahoe. After the trial, in which evidence was received ore tenus, the trial court entered a judgment finding that Michael *618 had used the Tahoe to transport illegal drugs without Richard’s knowledge or consent. Furthermore, the trial court found that Richard could not have obtained knowledge that Michael was using drugs by the exercise of due diligence, so as to prevent use of the Tahoe for illegal purposes. Therefore, the trial court denied the State’s forfeiture request. The State appealed.
The State contends that the trial court should have ordered the forfeiture of the Tahoe because, it says, Richard was aware of Michael’s drug use and therefore, according to the State, was “on notice” as to Michael’s “intended illegal use” of the Tahoe.
The standard of review in this matter is well settled. On appellate review of a ruling from a forfeiture proceeding at which the evidence was presented ore ten-us, the trial court’s findings of fact are presumed to be correct and a judgment based on those findings will not be reversed unless the record shows it to be contrary to the great weight of the evidence. Kuykendall v. State, 955 So.2d 442, 444 (Ala.Civ.App.2006); and Holloway v. State ex rel. Whetstone, 772 So.2d 475, 477 (Ala.Civ.App.2000). However, “that presumption [of correctness] has no application when the trial court is shown to have improperly applied the law to the facts.” Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415, 417 (Ala.1994).
There is no dispute that illegal drugs were found in the Tahoe when police responded to the report that Michael was unconscious in the Tahoe; therefore, the vehicle is subject to forfeiture. § 20-2-93(a)(5), Ala.Code 1975. However, Alabama law, provides an affirmative defense to innocent owners of property subject to forfeiture.
Section 20-2-93(h), Ala.Code 1975, provides, in part:
“An owner’s or bona fide lienholder’s interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission subjecting the property to forfeiture was committed or omitted without the owner’s or lienholder’s knowledge or consent and that the owner or lienholder could not have obtained by the exercise of reasonable diligence knowledge of the intended illegal use of the property so as to have prevented such use.”
See also State ex rel. Williams v. One Glastron Boat, 411 So.2d 795, 796 (Ala.Civ. App.1982) (“lack of knowledge or consent is an affirmative defense, available after the State has made a prima facie case for forfeiture”).
In this case, Richard, as the owner of the Tahoe, had to show “that [he] had no knowledge or notice of the illegal use proved, and could not by reasonable diligence have obtained knowledge of the intended illegal use so as to prevent it.” Air Shipping Int’l v. State, 392 So.2d 828, 830 (Ala.1981). See also Culpepper v. State, 587 So.2d 359, 360 (Ala.Civ.App.1991).
In Culpepper v. State, supra, Janice Cul-pepper’s vehicle was seized when her brother was arrested on drug charges. The trial court entered a judgment forfeiting her vehicle to the State. This court reversed that judgment, concluding that the State had failed to present any evidence indicating that Culpepper knew of her brother’s drug use. 587 So.2d at 360-61. This court reasoned that, although Culpepper’s brother had apparently been using illegal drugs for some time, the State had failed to establish any information available to Culpepper that “should have put Culpepper on notice that ... [her vehi *619 cle] would be used for drug purposes.” Id. at 361. Under the circumstances, this court held, reasonable diligence did not require that Culpepper make detailed inquiry into her brother’s use of the vehicle. Id.
In this case, Richard was aware that Michael had abused illegal drugs. However, he sent Michael to an inpatient rehabilitation center, and he received information from the center that Michael had successfully completed its substance-abuse program. The evidence supports a conclusion that when Michael was arrested after his return from his stay at the rehabilitation center, Richard aggressively monitored Michael for a “relapse,” giving him random drug tests two or three times a week and thoroughly searching the Tahoe for signs of illegal drugs.
Richard also testified that he allowed Michael to drive the Tahoe because he believed that Michael was assisting the police. The State presented no evidence to refute that contention. Jay Henry, an investigator with the Houston County district attorney’s office, testified that Richard was diligently working to keep Michael from renewing his use of controlled substances. Furthermore, there was no evidence presented indicating that Michael had been using Richard’s vehicles at the time of his previous arrests.
Based on the record before us, we conclude that the evidence supports the trial court’s determination that Michael’s use of the Tahoe to transport illegal drugs was done without Richard’s knowledge or consent. The evidence also supports a conclusion that Richard was already exercising great diligence in his efforts to determine whether Michael was using illegal drugs, such that he “could not have obtained by the exercise of reasonable diligence” the knowledge that Michael intended to use the Tahoe to transport illegal drugs or to facilitate illegal-drug use. § 20-2-93(h). See also Air Shipping Int’l, supra, and Culpepper, supra.
The State has failed to demonstrate that the trial court erred in refusing to order the forfeiture of the Tahoe. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.