THOMPSON, Presiding Judge.
Nathaniel Wallace, Jr. (“Wallace, Jr.”), appeals from a judgment entered by the Shelby Circuit Court (“the trial court”) ordering the forfeiture of a 1990 Chevrolet Caprice (“the automobile”). The State of Alabama sought the forfeiture of the automobile on the ground that it was being used to transport marijuana.
The following evidence was adduced at trial. Chris Cannon, an investigator with the City of Alabaster assigned to the Shelby County Drug Task Force (“the task force”), testified that, in September 2014, the task force received information that a confidential informant had purchased several grams of marijuana from a man the informant identified as Nathaniel Wallace III (“Wallace III”), Wallace, Jr.’s adult son. On September 18, 2014, the informant placed a telephone call to Wallace III and the two agreed to meet at a location in Shelby County to conduct a drug transaction. When Wallace III and the informant met, members of the task force detained Wallace III. During a pat-down search of Wallace III, task-force members found a cellophane baggy containing 17 individually wrapped bags of marijuana. The automobile, which Wallace III had driven to meet the informant, was also searched, and two more baggies of marijuana were-discovered. Two guns were also found during the search of the automobile.[1]
Cannon testified that, after Wallace III was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), he was asked to whom the automobile belonged. At first, Cannon said, Wallace III was “hesitant to say.” Wallace. Ill then told investigators that the automobile was his but -that 'he had put.it in Wallace, Jr.’s name. Cannon also said that Wallace III said that he had paid Wallace, Jr. $3,200 for the automobile.
Wallace III was placed in jail and questioned further. Cannon-said that investigators told Wallace III that the automobile was registered in Wallace, Jr.’s name and asked him “how did -he wanted to plead on that—on the-r-on the car. He said that he did not want to (inaudible) over to the car.” Cannon said:- “[Supposedly-the car belonged to [Wallace III]. But he says the car was in his daddy’s name.”
Cannon testified that investigators determined that, at the time the automobile was seized, it was registered to Wallace, Jr. Cannon also advised that Wallace, Jr. and Wallace III did not live in the same residence. Later, during his direct testimony, Cannon was asked what Wallace III had told him when Cannon , first asked about the automobile. Cannon testified that Wallace III said the automobile was his but that he had “put it in his granddaddy’s name.”
On cross-examination, Cannon again acknowledged that the automobile was registered to Wallace, Jr., that the title to the automobile was in Wallace, Jr.’s name, and that Wallace, Jr. and Wallace III did not live in the same residence, although they lived on the same street. Cannon also said that Wallace III had no prior drug arrests ,or convictions before his arrest on September 18,2014. Cannon also conceded that he did not speak with Wallace, Jr. about the purchase of the automobile or.notify him that it was being condemned. Cannon further testified that he did not question Wallace, Jr. as to whether he had any independent knowledge that would lead him to believe that Wallace III was involved in the sale of illegal drugs.
■ Wallace, Jr. testified that he owned the automobile. He described it as a black 1.990 Chevrolet Caprice with 24-inch rims and an Auburn emblem on the door, which, he *1110 said, he put on during football season. He said that he had put a “nice stereo system” in the automobile and that it had speakers in the trunk. Wallace, Jr. also testified that he had had the automobile painted and had put new tires and rims on it. Wallace, Jr. said that he had purchased the automobile at Precision Auto Sales and had paid $3,200 cash for it. When asked on cross-examination whether he could recall the name of the specific salesperson who sold him the automobile and whether he had the receipt for the automobile, Wallace, Jr. said he did not remember the salesperson and that the purchase had been so long ago that he did not know what he had done with the receipt he had received when he bought the automobile. Wallace, Jr. was able to identify where he took the automobile to have it painted. When asked with whom he dealt there, Wallace, Jr. said: “I just took my car. I don’t know what the guy’s name [was].” Wallace, Jr. said that he bought the stereo at a business named Pull-A-Part but that he did not obtain a receipt there.
Wallace, Jr. testified that he lent the automobile to both Wallace III and his daughter when they needed to use it. He also said that he had paid for the insurance on the automobile' and that he had paid for the license plate each year, even during the time when the automobile had been in the county’s custody. He produced the 2014 receipt for the license plate. Wallace, Jr. also testified that he did not know or have reason to know that Wallace III was selling illegal drugs. No evidence was presented to dispute his testimony on the issue.
After the trial, the trial court entered a judgment ordering the forfeiture of the automobile. Wallace, Jr. timely filed a motion to alter, amend, or vacate the judgment, which was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. Wallace, Jr. timely appealed to this court.
On appeal, Wallace, Jr. contends that the trial court’s judgment ordering the forfeiture of the automobile is against the weight of the evidence.
“The standard of review in this matter is well settled. On appellate review of a ruling from a forfeiture proceeding at which the evidence was presented ore tenus, the trial court’s findings of fact are presumed to be correct and a judgment based on those findings will not be reversed unless the record shows it to be contrary to the great weight of the evidence. Kuykendall v. State, 955 So.2d 442, 444 (Ala. Civ. App. 2006); and Holloway v. State ex rel. Whetstone, 772 So.2d 475, 477 (Ala. Civ. App. 2000). However, ‘that presumption [of correctness] has no application when the trial court is shown to have improperly applied the law to the facts.’ Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So.2d 415, 417 (Ala. 1994).”
State v. Saliba, 149 So.3d 616, 618 (Ala. Civ. App. 2014).
In this case, there is no dispute that illegal drugs were found in the automobile. Therefore, the automobile is subject to forfeiture. § 20-2-93(a)(5), Ala. Code 1975. However, Alabama law provides an affirmative defense to innocent owners of property subject to forfeiture. Section 20-2-93(h), Ala. Code 1975, provides, in part:
“An owner’s or bona fide lienholder’s interest in any type of property other than real property and fixtures shall be forfeited under this section unless the owner or bona fide lienholder proves both that the act or omission subjecting the property to forfeiture was committed or omitted without the owner’s or lienholder’s knowledge or consent and that the owner or lienholder could not have obtained by the exercise of reason *1111 able diligence knowledge of the intended illegal use of the property so as to have prevented such use.”
“Thus, a ‘lack of knowledge or consent is an affirmative defense, available after the State has made a prima facie case for forfeiture.’ State ex rel. Williams v. One Glastron Boat; 411 So.2d 795, 796 (Ala. Civ. App. 1982).” Kuykendall v. State, 955 So.2d 442, 445 (Ala. Civ. App. 2006).
In this cáse, the trial court found that when Wallace III told investigators that he had purchased the automobile and put the title in Wallace, Jr.’s name, the statement was “a clear admission against interest.” The judgment did not include an explicit finding as to who owned the automobile. The trial court did, however, state:
“Based upon the evidence presented at trial and the inferences attendant thereto, the Court treasonably satisfied that the property was used in violation of the statute and that the State presented a prima facie case. In addition, the claimant, Nathaniel Wallace, Jr., knew or should have known that his son, Wallace III, was using the car illegally.”
If the trial court had found Wallace III to be the owner of the automobile, there would have been no need to determine whether Wallace, Jr. knew or should have known that Wallace III intended to use the automobile to facilitate the sale of drugs in deciding whether to order fhe forfeiture of-the automobile. There is no. evidence in the, record to support- the trial court’s conclusion that Wallace, Jr. knew or should have known that WallaceTII “was using the car illegally.” Wallace, Jr.’s testimony was that he did not know or have any reason to know that Wallace III would use the automobile to facilitate the sale of illegal drugs. He said that he lent the automobile to his daughter and to Wallace III when they asked. Wallace III was no longer a minor, and he did not live in the same home with Wallace, Jr. Cannon admitted that he did not question Wallace, Jr. as to whether Wallace, Jr. had any independent knowledge that would lead him to believe that Wallace III was involved in the sale of illegal drugs. Cannon also acknowledged that Wallace III had had no drug convictions prior to his September 18, 2014, arrest—the arrest that resulted in the forfeiture of the automobile.
“In Culpepper v. State, [587 So.2d 359 (Ala. Civ. App. 1991) ], this court re-. versed a judgment forfeiting a vehicle entered against Culpepper, whose brother had been caught driving the vehicle while in possession of illegal drugs, because the State had failed to present any evidence indicating that Culpepper knew of her brother’s drug use. 587 So.2d at 360-61. Although Culpepper’s brother had apparently been using illegal drugs for some time, the State failed to establish any information available to Culpep-per that ‘should have put Culpepper on notice that ... [her vehicle] would be used for drug purposes.’ 587 So.2d at 361. Therefore, under the circumstances, reasonable diligence did not require that Culpepper make detailed inquiry into her brother’s use of the vehicle.”
Kuykendall v. State, 955 So.2d at 446.
Similarly, in this case, Wallace, Jr. denied that he knew that Wallace III was going to use the automobile to transport marijuana. The State failed to present any evidence to suggest that there was any reason for Wallace, Jr. to use due diligence to inquire into the reason Wallace Ill-wished to use the automobile. Id. Because the evidence does not support the findings the trial court made in its judgment, the judgment ordering the forfeiture of the automobile is due to be reversed. Saliba, supra. The cause is remanded to the trial court for the entry of a judgment consistent with this opinion.
*1112 REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

. The firearms are not at issue in this matter.