# Third District Court of Appeal

## State of Florida

Opinion filed June 4, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1588
Lower Tribunal No. 24-8338-FC-04
_____

**Diana De Los Angeles Salazar,**
Appellant,

vs.

**Andre Ramon Blanco,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Law Office of Vanessa D. Torres, P.A., and Vanessa D. Torres, for appellant.

No appearance, for appellee.

Before FERNANDEZ, LINDSEY and MILLER, JJ.

FERNANDEZ, J.

Respondent Diana De Los Angeles Salazar ("the Mother") appeals the trial court's Final Judgment of Paternity, Timesharing/Parenting Plan. We reverse because the trial court failed to comply with the statutory requirements set out in section 61.13, Florida Statutes (2024).

The Mother and petitioner Andre Ramon Blanco ("the Father") are not married to each other. They have one son together, D.X.B., the minor child, who was three years old at the time of the filing of the Initial Brief.

Both the Mother and Father are pro se litigants. In early May 2024, the Father filed a petition to determine paternity, parental responsibility, parenting plan, time sharing schedule, and child support. The Father requested equal timesharing. The Mother filed an answer denying the Father's request for shared parental responsibility, timesharing, and other financial allegations. The Mother asserted she maintained health insurance for the child, provides for all his needs, and pays for all his expenses.

On May 31, 2024, the Mother filed a Motion to Family Court Services requesting supervised visitation, temporary and retroactive child support, and temporary sole parental responsibility. The Mother contended that the Father was absent from the child's life during the child's first three years and that the child did not know him. She requested therapy and supervised visitation so the child could become acquainted with the Father. The Mother

2

further claimed the Father had never paid child support. The record on appeal does not indicate whether the trial court ruled on this motion.

After no agreement was reached at mediation, the trial court set the case for non-jury trial on September 3, 2024. There is no transcript of the hearing that took place on September 3.

On September 4, 2024, the trial court entered a Final Judgment of Paternity, Time Sharing/Paternity Plan. The court awarded the parties shared parental responsibility. The trial court made only one finding, stating: "The Court finds that it is in the best interest of the minor child that the parties have shared parental responsibility."

The trial court further ordered a 50-50 timesharing schedule with alternating weeks on Sunday and an alternating holiday schedule without indicating which parent would have even/odd years. The trial court did not define holidays. The trial court ordered that the minor child would spend the Mother's birthday with the Mother and the Father's birthday with the Father but did not specify anything regarding the child's birthday. The Final Judgment does not address which parent will be responsible for health care and school-related matters, as well as the address to be used for school-boundary determination and registration, and other activities. The Final Judgment also omits how the parties would be financially responsible for

extracurricular activities, summer camp, tutoring, and before/after school care and omits travel provisions.

Regarding child support, the trial court ordered the Mother to pay the Father $156.49/month based on the child support guidelines. In addition, the court ordered that the total retroactive child support owed to the Father by the Mother as of September 3, 2024 was $3,755.76. This included a period during which the Mother was the child's primary custodian.

Both parties submitted parenting plans, neither of which the trial court adopted. In addition, the trial court did not create its own parenting plan, as required by section 61.13(2)(b), Florida Statute (2024), and attach it to or incorporate it into the Final Judgment. The Mother now appeals.

This court applies a de novo standard of review where the trial court errs in the application of the law. Wade v. Hirschman, 903 So. 2d 928, 932 (Fla. 2005). Whether a court's timesharing and parenting plan determination is supported by competent substantial evidence is reviewed under an abuse of discretion standard. Wade v. Wade, 159 So. 3d 1006, 1009 (Fla. 3d DCA 2015). In addition, the appellate court looks to see if there is competent substantial evidence to support the trial court's findings concerning the statutory factors listed in section 61.13. Ford v. Ford, 700 So. 2d 191, 195-

196 (Fla. 4th DCA 1997); Adair v. Adair, 720 So. 2d 316, 317 (Fla. 4th DCA 1998).

The Mother contends that although there was no court reporter present at the hearing, and thus there is no transcript, reversal is warranted because the error committed by the trial court is apparent on the face of the judgment, as the trial court did not consider the factors required by section 61.13, Florida Statute (2024).[1] The Mother is correct that because there is no transcript provided to this Court, this Court's review is limited to errors of law apparent on the face of the judgment. Silverman v. Silverman, 940 So. 2d 615, 616 (Fla. 2d DCA 2006).

Section 61.13 requires that the trial court decide all matters relating to parenting plans and time-sharing of each minor child according to the "best interests of the child." § 61.13(3)(a)-(t), Fla. Stat. (2024); A.L.G. v. J.F.D., 85 So. 3d 527, 529 (Fla. 2d DCA 2012). Determining the child's best interests is to be made by evaluating all the factors affecting the welfare and interests of the child and the family's circumstances, including the twenty factors set

---

[1] The Father did not file an Answer Brief after being directed by this Court to do so; thus, the Court precluded him from filing an Answer Brief and from presenting an oral argument to this Court.

forth in the statute. See Cobo v. Sierralta, 13 So. 3d 493, 501 (Fla. 3d DCA 2009); Velasquez v. Millan, 963 So. 2d 852, 854 (Fla. 3d DCA 2007).

Although section 61.13(3) does not require written findings justifying a custody award, the record must at a minimum demonstrate that section 61.13 factors were considered in making the award. See Cobo, 13 So. 3d at 501; Velasquez, 963 So. 2d at 854; Peacock v. Peacock, 973 So. 2d 501, 502 (Fla. 3d DCA 2007); Decker v. Lyle, 848 So. 2d 501, 502-03 (Fla. 2d DCA 2003) (reversing and remanding where neither the transcript of the trial court's oral pronouncement of its ruling nor the temporary custody order addressed the best interests of the child). The requisite findings must be either stated on the record or set out in the order/final judgment. Munroe v. Olibrice, 83 So. 3d 985, 987 (Fla. 4th DCA 2012); see also Williams v. Williams, 845 So. 2d 246, 249 (Fla. 2d DCA 2003) (a decision based on less than the court's consideration of all the factors set out in section 61.13 is insufficient).

In the case before us, neither the Final Judgment nor anything in the record indicates the factors the trial court considered in this case in determining the minor child's best interests. As this Court stated in Cobo:

> We cannot discern that any of these factors were considered in this case. And, in light of the fact that [the mother] had no adequate representation to advocate her position, we cannot conclude that the decision on which parent should have primary

residential custody of the minor child was made with the full consideration of the statutory factors.

Id. at 501. For these same reasons, the Final Judgment here is legally insufficient under section 61.13.[2]

In addition, the trial court erred in ordering the Mother to pay child support to the Father for any period during which the minor child was in the mother's custody. See Velazquez, 963 So. 2d at 855 ("We also reverse that that [sic] portion of the final judgment which effectively obligates [the mother] to pay child support to [the father] for any period of time during which the child is in her custody[.]").

Accordingly, we reverse the trial court's Final Judgment and remand the case to the trial court with instructions for the trial court to address the statutory factors outlined in section 61.13 and make the required findings, as well as establish the requisite parenting plan. We also reverse the portion of

---

[2] Furthermore, section 61.13 requires the trial court to create or approve a parenting plan "which establishes how divorced parents will share the responsibilities of childrearing and decision-making with regard to the child and sets forth a time-sharing schedule." In re Amendments to the Fla. Family Law Rules, 955 So. 2d 445, 445 (Fla. 2008). Here, the court did not create or approve any parenting plan. Thus, it did not satisfy the requirements outlined in section 61.13(2)(b), Florida Statutes (2024). See Magdziak v. Sullivan, 185 So. 3d 1292, 1293 (Fla. 5th DCA 2016).

the Final Judgment ordering the Mother to pay child support to the Father for any period during which the minor child was in her custody.

Reversed and remanded with instructions.